NATHANIEL P. RICHARDSON, executor, in equity, *vs.* LUCY E. KNIGHT & others.

### Cumberland. Opinion March 21, 1879.

*Executor. Trustee. Specific bequest. Sale. Reinvestment.*

Where by a will several parties are to take the income or dividends of certain stocks named therein till the happening of certain events in succession, but the legal title thereto is not to pass to them, and the will contemplates that the stocks shall be held by the executor till the contingency happens, when they are to pass to the legatee absolutely: *Held*, this creates an interest in the nature of a trust, and confers a power and imposes a duty in regard to the subject matter of the bequest, and if there is no special designation of the executor or any other person as trustee, nor any provision in the will for the appointment of a trustee, it devolves upon the executor to administer the estate according to the provisions of the will.

The bequest being a specific one, the executor has no power to sell the stocks and reinvest, but he has the right to invoke that authority from this court which is conferred upon it by R. S., c. 77, § 5, clause 7, and if the case presented is a proper one for the exercise of such power it will be given.

BILL IN EQUITY, for authority to sell and reinvest certain stocks specified in the last will and testament of the plaintiff's testator, who made the following bequest:

"Sixteenth. I give and bequeath to Lucy Elizabeth Knight, wife of Lucius W. Knight, now residing at number one hundred and thirty-seven Harrison Avenue, in Boston, in the state of Massachusetts, during her natural life, the income or dividends from my one hundred shares of the capital stock of the Boston & Maine Railroad Company, and from my ninety-three shares of the capital stock of the Eastern Railroad Company in Massachu-

setts, and from my fourteen shares of the capital stock of the Eastern Railroad Company in New Hampshire, and from my forty shares of the capital stock of the Boston & Worcester Railroad Company, and from my forty-five shares of the capital stock of the Fitchburg Railroad Company; and from and after her decease I give and bequeath said income or dividends, during his natural life, to said Lucius W. Knight; and from and after the decease of said Lucy Elizabeth and of said Lucius W., I give and bequeath said income or dividends to the children of said Lucy Elizabeth and Lucius W., to be paid to them until all said children shall arrive at the age of twenty-one years, and when all said children shall have arrived at the age of twenty-one years, then I give and bequeath the said shares to said children and to the representatives of any deceased child or children in equal parts *per stirpes*, to have and to hold the same to them and their heirs. But if said Lucy Elizabeth and Lucius W. should leave no child living at their decease, then all the shares aforesaid shall merge in and become a part of the residuum of my estate."

Other facts sufficiently appear in the opinion.

*W. L. Putnam*, for the plaintiff.

*C. B. Merrill* for the defendants.

Libbey, J. Israel Richardson, late of Portland, by the sixteenth clause of his will, made the following bequest: " I give and bequeath to Lucy Elizabeth Knight, wife of Lucius W. Knight, now residing at number one hundred and thirty-seven Harrison Avenue, in Boston, in the state of Massachusetts, during her natural life, the income or dividends from my one hundred shares of the capital stock of the Boston & Maine Railroad Company, and from my ninety-three shares of the capital stock of the Eastern Railroad Company in Massachusetts, and from my fourteen shares of the capital stock of the Eastern Railroad Company in New Hampshire, and from my forty shares of the capital stock of the Boston & Worcester Railroad Company, and from my forty-five shares of the capital stock of the Fitchburg Railroad Company; and from and after her decease I give and bequeath said income or dividends, during his natural life, to said Lucius W.

Knight, and from and after the decease of said Lucy Elizabeth and of said Lucius W., I give and bequeath said income or dividends to the children of said Lucy Elizabeth and Lucius W., to be paid to them till all of said children shall arrive at the age of twenty-one years, and when all of said children shall arrive at the age of twenty-one years, then I give and bequeath the said shares to said children, and the representatives of any deceased child or children, in equal parts *per stirpes*, to have and to hold the same to them and their heirs. But if said Lucy Elizabeth and Lucius W. shall leave no child living at their decease, then all the shares aforesaid shall merge in and become a part of the residuum of my estate."

There is no provision in the will for the appointment of a trustee to hold said shares and pay over the income or dividends to the parties entitled thereto.

The complainant, as executor of said will, brings this bill in equity, in which he alleges that, after the payments of all debts and charges against the estate of the said Israel, all said shares and stocks remained and vested in him as such executor, and that the same have been increased and added to by dividends of stock and rights to subscribe thereto, which stocks and shares and such increase are now held by him in his said capacity. "That said shares and stocks have, since the decease of his said testator, greatly diminished in value, and that as all said shares or stocks are especially subject to great taxation the net income thereof is very small; that the special purpose of said bequest was to furnish an income to and aid in the comfortable support of said Lucy Elizabeth Knight, which purpose is defeated by keeping the said shares and stocks in their present form; that there is great danger that some of them will further greatly depreciate in value; that therefore they or the greater part of them should at once be converted into bonds or mortgages, or some other securities less liable to fluctuation in value and more certain to yield a steady income than the said stocks and shares; that said Lucy and her said husband, Lucius, have requested and are desirous that the same should be so converted, but that he fears he has no power to convert the same except by the direction of the court.

He prays that he in his said capacity, or his successor in the trust, may be allowed and directed by the court to sell and reinvest in other more reliable securities such portion of said stocks and shares and additions thereto as to him or his successor in office may from time to time seem proper.

Lucy Elizabeth Knight and Lucius W. Knight, and all the other parties in being, who in any contingency can have an interest in said stocks and shares, appear and answer, not denying any of the allegations in the bill, and submit to the judgment of the court.

By the will several persons are to take the income or dividends of the stocks till the happening of certain events in succession. It directs that such income or dividends shall be paid to them. The legal title to the stocks and shares is not to pass to them, but the will contemplates that they shall be held by the executor till the contingency happens, when they are to pass to the legatees absolutely. This creates an interest in the nature of a trust, and confers a power and imposes a duty in regard to the subject of the bequest; and whenever any interest in the nature of a trust, or any power or duty implying a trust, is created by a will, and there is no special designation of the executor or any other person as trustee, nor any provision in the will for the appointment of a trustee, it devolves upon the executor as such to administer the estate according to the provisions of the will. *Pettengill* v. *Pettengill,* 60 Maine, 412. *Nutter* v. *Vickery,* 64 Maine, 490. *Nason* v. *First Church,* 66 Maine, 100.

This being the settled rule of law in this state the executor is the proper party to bring the bill.

Has the court the power to make the decree prayed for? The bequest is a specific one. The parties named are to receive the income, in succession, of the stocks and shares specified till the happening of the contingency, and then said shares are to vest absolutely as specified in the will. By the provisions of the will the executor has no power to sell and reinvest. When specific property is held in trust with no power in the trustee to sell and reinvest, it is competent for the legislature to authorize a sale and

reinvestment. *Stanley* v. *Holt*, 5 Wall. 119. *Sohier* v. *Trinity Church*, 109 Mass. 1. *Old South Society* v. *Crocker*, 119 Mass. 1.

The legislature having this power may confer it upon the court. By R. S., c. 77, § 5, clause 7, this court has jurisdiction in equity, " to determine the construction of wills, and whether an executor, not expressly appointed a trustee, becomes such from the provisions of a will, and in cases of doubt, the mode of executing a trust, and the expediency of making changes and investments of property held in trust."

We think this statute confers upon the court power to pass the decree prayed for. *Old South Society* v. *Crocker, supra.* Having the power, we have no doubt that the case presented is a proper one for its exercise. The great object of the testator seems to have been to provide an income for the support of Mrs. Knight, her husband and their children till the happening of the contingency named in the will.

Although the stocks were the dividend paying stocks, yet from their character and the many hazards and vicissitudes attending the business of the corporations to which they belonged, it is fair to presume that the testator contemplated that some of them at least might depreciate in value and become non-dividend paying stocks, as has already occurred; or that some of the corporations might wind up their affairs and divide their capital; and in either case, in order to obtain the income desired, it would become necessary to convert and reinvest, and as no party interested in the subject matter of the suit makes any objection thereto, a decree may be entered, authorizing the executor, or his successor in said trust, to sell and convert into money, from time to time, such of the shares and stocks held by him as in his opinion the interests of all parties interested therein require, and reinvest the proceeds thereof in bonds of the government of the United States, or of any of the New England states, or in first mortgages on income paying real estate, of a value at least double the amount loaned thereon; and when payment of such investments may be made, to reinvest in like manner, and hold the same subject to the provisions of the

will. The costs of the suit, to be taxed and allowed at *nisi prius,* may be paid out of the income of said stocks.

*Decree accordingly.*

APPLETON, C. J., WALTON, BARROWS and VIRGIN, JJ., concurred.