Clark *v.* Powell.

## D. P. CLARK *v.* E. HENRY POWELL.

*Where trust fund should be taxed.    R. L. s.* 281.    *Revision of statutes.*

1.  Clause IV, R. L. s. 281, providing where personal estate "held in trust" shall be set in the list for taxation, applies to any such estate which is in fact a trust fund.

2.  The testator directed that a fund of $50,000 should be set apart by his executors, to be under the management of his "executors and their successors," and to be kept at interest in securities "taken in their official names as executors," the income to be paid to his widow and daughters during their natural lives, and the fund to be distributed at their decease to the heirs of their bodies. *Held*, that this was a trust fund of which the taxable locus was to be determined by clause VI, and not undistributed personal estate in the hands of an executor or administrator to be set in the list according to clause VII, R. L. s. 281.

3.  An administrator with the will annexed stands like an executor in reference to such fund, and where no one of the beneficiaries entitled to the income resides in this State, the fund should be listed in the town where the administrator resides.

4.  The revision of the statutes of 1880 will not be construed as altering the law as before established by statute or decision, unless such plainly appears to have been the intention of the Legislature.

Assumpsit for certain taxes by the plaintiff as collector of the town of Montpelier. Plea, the general issue. Trial by court at the March Term, 1890, POWERS, J., presiding, upon an agreed statement of facts. Judgment for the defendant. The plaintiff excepts. The case appears in the opinion.

*S. C. Shurtleff,* for the plaintiff.

This fund had never been distributed ; it was therefore undistributed personal estate in the hands of an administrator, and should be set in the list according to clause VII, R. L. s. 281.

*Powell & Brown,* for the defendant.

This fund by the terms of the will could not be distributed. It was "held in trust " for the benefit of the beneficiaries ; and it is immaterial whether it was under the control of an administrator or some other trustee.

The opinion of the court was delivered by

Rowell, J. The will of Hezekiah H. Reed directs that a fund of $50,000 be set apart by his executors out of his estate, and rest and remain during the lives of his widow and his three daughters and any of them, and be under the management and improvement of his "executors or their successors," and placed and kept at interest in securities "taken in their official names as executors;" that the income thereof, after paying an annuity to his widow and the costs and charges of his executors or their successors, be paid annually or semi-annually, at the discretion of his executors, to his three daughters, all of whom were married, in equal shares, and so to the heirs of their bodies if any there be, for and during the term of lives or life aforesaid, and in case any of his daughters should die without issue, then to the survivor or survivors of them and to the heirs of their bodies; and that upon the death of his widow and all of his daughters, said fund, with any unexpended accumulations thereof, be divided equally among the children of his daughters and the heirs of their bodies, and in default thereof, among the children of his brother and sister and the heirs of their bodies.

His widow died long since. One daughter is still living; but the others are dead, one leaving issue and one leaving none, but none of the beneficiaries reside in this State.

In March, 1858, Mr. Page, the only executor who qualified, rendered his administration account to the Probate Court, and it was allowed and ordered to be recorded. That account showed all the estate administered and out of his hands except the fund in question.

Mr. Page resigned his trust in 1887, and the defendant was appointed administrator with the will annexed, and received the fund; and the question is, whether he is taxable for it in Montpelier, where the testator last resided, he himself residing in Richford.

This depends upon whether the case comes within clause VI, s. 281, R. L., which provides that personal estate, with some exceptions, "held in trust," the income of which is to be paid

Clark *v.* Powell.

to a married woman or other person, shall be set in the list to the person holding it in .trust in the town, etc., where such married woman or other person resides in this State, otherwise in. the town, etc., where the person holding it in trust resides-; or within clause VII of said section, which provides that personal. estate of a deceased person in the hands of an executor or administrator " and not distributed," shall be assessed, etc., and set in. the list in the town, etc., where such person last resided.

This statute was first passed in 1841, when the wording of what is now the first clause was, * * * * " held in trust by an executor, administrator or trustee," etc. St. 1841,. No. 16, s. 10. In 1884 the word *agent* was inserted after the word " administrator," so that the statute read, * * * " held in trust by an executor, administrator, *agent,* or trustee." St. 1844, No. 9. What is now the 7th clause originally provided for assessing the estate to the executor or administrator as now, until they notified the listers that the estate had been " distributed and paid to the parties interested therein." In 1842 this requirement of notice was left out. St. 1842, No. 19. The statute remained substantially in this form till the revision of 1880,. when the words, " by an executor, administrator, agent, or trustee," were left out of the 6th clause, which made it read, " held in trust," without saying by whom ; and the words, " distributed and paid to the parties interested therein," were left out of the 7th clause.

But this change of phraseology in the 6th clause did not alter the law. The revisors, being authorized to redraft the statutes. in plain and simple language, and to reject superfluous words. and circuitous phraseology, made many changes in these respects with special reference to condensation, but, obviously, as their report shows, without intending thereby to alter the law. And besides, the rule is, that changes in a revision will not be regarded as altering the law when it was well settled by plain language in the statute or by judicial construction, unless it is clear that such was the intention. Sedgw. Const. Statutes, (2d Ed.) 229, note.

In 'Catlin v. Hull, 21 Vt. 152, which was a case of property in the hands of an agent, the words, "held in trust," as used in the statute of 1844, were construed to include, not alone estates in trust in their strict, ancient, legal sense, but all property situated permanently here and under the control and management of another for the use and benefit of the real owner. Those words in the present statute must receive a similar construction.

In Bates v. City of Boston, 5 Cush. 93, the word trustee in a statute like ours before the change, is said to have been used in a very general sense, and to have no reference to the manner of the trustee's appointment, nor to whom nor in what way he is bound to account, but to look solely to the fact of a fund held in trust, the income of which is to be paid to a married woman or other person, and to include any person who is charged with the care and custody of such a fund.

That an executor or administrator as such may hold such a fund in trust is shown by the former wording of the statute as well as the cases referred to. The 7th clause of said section applies to cases in which the estate is in the hands of the executor or the administrator and not held in trust by them within the meaning of the 6th clause. This construction harmonizes those clauses.

When an executor is not expressly appointed a trustee by the will, the court will determine from the whole instrument whether he is to act as trustee or not. 1 Perry Trusts, (3d Ed.) s. 262; Carson v. Carson, 6 Allen, 397.

It is well settled that when a testator by his will, either in express terms or by legal implication, has given the income of personal estate to one for life with bequest over, or has left it undisposed of on the termination of the life interest, so that it will go to his heirs, and has not in terms placed it with a trustee, it is the duty of the executor as such to hold it, and to pay the income from time to time to the proper party, and at his death to pay the principal to the party entitled under the will, or, in default of such party, to distribute it among the heirs. In such case the executor is trustee by implication; but the

(29)

trusteeship is annexed to the office of executor, and is not independent of it, as it is when the executor is expressly appointed a trustee also. *Dorr* v. *Wainwright*, 13 Pick. 328 ; *Carson* v. *Carson*, 6 Allen, 397 ; *Saunderson* v. *Stearns*, 6 Mass. 37 ; *Claggett* v. *Hardy*, 3 N. H. 147 ; *Pettingill* v. *Pettingill*, 60 Me. 412, 423 ; *Richardson* v. *Knight*, 69 Me. 285 ; *Dunning* v. *Ocean Nat. Bank*, 61 N. Y. 497 ; 1 Perry Trusts, (3d Ed.) s. 262.

That this fund is *held in trust* within the meaning of the statute, for the uses and purposes of the will, cannot be doubted.

The language and the purpose of the will unmistakably import a trust beyond that devolving upon executors in the ordinary course of settlement of the estate.

In *Richardson* v. *Knight*, cited above, dividends of stocks were bequeathed to several persons in succession till the happening of certain events, with the principal over. The legal title to the stocks did not vest in such persons, but the will contemplated that the stocks should be held by the executor till the events happened, when they were to pass to the legatees absolutely. Held, that this created an interest in the nature of a trust, and conferred a power and imposed a duty in respect of the subject of the bequest, which the executor *as such* must execute and perform, there being no special designation of him nor another as trustee.

In *Carson* v. *Carson*, cited above, the words, " to sell and exchange stocks and all other securities and re-invest the same " according to the judgment of the executors, were held to contemplate a trust in them beyond that of the settlement of the estate in the ordinary way.

And it is clearly manifest from the whole will that the testator intended his executors should hold and manage this fund *as executors* and not otherwise ; for he appoints no other person a trustee, but directs, among other things, as we have seen, that the fund be under the management and improvement of his " executors or their successors," and be placed and kept at interest in securities " taken in their official names as executors."

The executors were, therefore, in their capacity as executors, trustees by implication, and when Mr. Page qualified as executor he thereby accepted the trust. *Depeyster* v. *Clendining*, 8 Paige, 295, 310 ; *Booth* v. *Booth*, 1 Beav. 125 ; *Ward* v. *Butler*, 2 Molloy, 533.

Had the executors been expressly appointed trustees also, the allowance in 1858 of the administration account as rendered would probably have been a sufficient transfer of the fund to the executor as trustee to authorize its future taxation to him as trustee. *Hardy* v. *Inhabitants of Yarmouth*, 6 Allen, 277. But as it was, it was a designation and a setting apart of the fund, not for distribution in the ordinary course of settling the estate, but to be held in trust by the executor as such for the uses and purposes of the will. And it has been so held ever since.

By the terms of the will, the duties of the executors in respect of the fund devolve upon their successors ; and as matter of law the duties of an executor resulting from the nature of his office and charged upon him as executor, when the authority is not necessarily connected with a personal trust or confidence reposed in him by the testator, devolve upon an administrator with the will annexed. *Farwell* v. *Jacobs*, 4 Mass. 634 ; 2 Redfield Wills, 84 ; 1 Am. Law of Adm. 392 ; Schouler on Executors and Administrators, s. 122.

The result is, we decide that the fund is held in trust by the defendant within the meaning of the 6th clause of said section ; and as none of the persons for whom it is held reside in this State, that it is not taxable to him in Montpelier, where he does not reside.

*Judgment affirmed.*