## *Re* POLLY HODGES' ESTATE.

*Probate Court.     Executor as trustee.     Contract with beneficiary.*

1. Where the Probate Court settles the account of an executor, and decrees that the income of the fund found in his hands shall be paid to H. during her life and at her death the principal fund distributed among certain persons named in the decree, the administrator of H. may call him to account in the Probate Court for the disposition of the income during the life of his intestate.

2. After the decree of the Probate Court such executor would sustain the relation of a trustee to the fund left in his hands.

3. The decree was passed in 1867. In 1885, the executor made a contract with the beneficiary, H., by which she agreed to release him from all passed or future liability as to the income in consideration that he would support her through life. Up to that time no account of the expenditure of the income had been rendered to the Probate Court or to the beneficiary, and no such statement was then made to her. *Held*, that in view of the trust relation between the parties something more was necessary to uphold the contract than the mere finding that H. was of sound mind and understood the nature and effect of her act.

This was an appeal from an order of the Probate Court for the district of Hartford dismissing the petition of O. H. Austin, administrator of Polly Hodges. Heard upon the report of a commissioner at the May term, 1890, Rowell, J., presiding. Judgment *pro forma* for the appellee. The appellant excepts.

The petition prayed for an accounting by Smith Hodges as the executor of Polly Hodges under the circumstances stated in the opinion. The Probate Court dismissed the petition. The County Court appointed a commissioner to state the account of Smith Hodges as executor. Upon the hearing before the commissioner, Smith Hodges proved that, since the death of Polly

*Re* Hodges' Estate.

Hodges, he had paid over the principal fund in accordance with the terms of the original decree, and in lieu of any accounting as to the income, introduced the contract between himself and Polly Hodges, by which she released him from all liability in that respect in consideration of his agreement to support her for life. The petitioner insisted that this contract was not binding upon Polly Hodges or her estate, and that the executor should render an account of the expenditure of the income; but in view of the expense of such an accounting the commissioner decided that he would only receive evidence as to the execution of this contract; and in that respect he reported:

"At the time said contract was made said Polly Hodges was about 81 years old, was somewhat feeble in body, but was of sound mind when she executed the contract, and fully understood its nature and effect.

She had considered the question for some time before she executed it, and had sought the advice of one of her granddaughters upon the subject, who declined to advise her. At the time it was executed it was read over to her, and she assented to it, and said it was 'all right.' She then signed it in the presence of two of the daughters of Smith Hodges, who signed as attesting witnesses. It did not appear that at the time said contract was executed, or at any other time, the condition of said trust fund was explained to her, or whether or not there was any unexpended balance thereof remaining in the hands of the said executor. No evidence was offered upon this subject.

Nor did it appear that said executor at any time during the continuance of said trust had rendered an account thereof to her or to the Probate Court. The fact of the contemplation of said contract was not made known by either Smith Hodges or his mother to any of her other children until after it was executed. At some time after its execution Mrs. Bryant and Mrs. Thomas, two of her daughters, knew of it and of its terms and made no objection to it until after their mother's death."

*O. H. Austin,* for the appellant.

The Probate Court had jurisdiction to compel an accounting as to the income. *Keeler* v. *Ex'rs. of Keeler,* 39 Vt. 550; *French et al.* v. *French's Estate,* 46 Vt. 357; *Probate Court* v.

*Re Hodges' Estate.*

*Chaplin,* 31 Vt. 373 ; *Bank of Orange County* v. *Kidderet,* 20 Vt. 519 ; *Probate Court* v. *Slason & Mead,* 23 Vt. 306 ; *Probate Court* v. *Vanduzen,* 13 Vt. 135 ; *Adams* v. *Adams,* 22 Vt. 58 ; *Boyden* v. *Admr. of Ward and Tr.,* 38 Vt. 633 ; *Merriam, Admr.* v. *Hemmenway,* 26 Vt. 565.

Smith Hodges was the trustee of this fund. Hill Trustees, 335 ; *Clark* v. *Powell,* 62 Vt. 442 ; *Catlin* v. *Hill,* 21 Vt. 152 ; *Dorr* v. *Wainwright,* 13 Pick. 328 ; *Carson* v. *Carson,* 6 Allen 397.

The contract between Smith Hodges and his beneficiary is not binding upon the beneficiary or her estate. *Arnold* v. *Brown,* 24 Pick. 96 ; Kerr. Fr. & Mis. 152 ; 2 Parson Cont. 271 ; Bisp. Eq. 3d Ed. 291 ; Adams' Eq. 161 and 377 ; Story Eq. Jur. ss. 307, 308 ; *Gibson* v. *Jeyes,* 6 Vesey 266 ; *Hatch* v. *Hatch,* 9 Vesey 292 ; *Sears* v. *Shafer,* 6 N. Y. 268 ; *Greenfietd's Estate,* 14 Penn. 504 ; *Cook* v. *Sarnotte,* 15 Beav. 234 ; *Osmond* v. *Firzroy,* 3 P. Will. 129 ; *Ruben* v. *Hicks,* 4 Brad. (N. Y.) 136 ; *Brown* v. *Cowell,* 116 Mass. 465 ; *Wormley* v. *Wormley,* 8 Wheat. 421.

*W. E. Johnson,* for the petitionee.

The Probate Court had no jurisdiction.

It has no authority except that conveyed by statute. *Hendrick* v. *Cleveland,* 2 Vt. 329 ; *Holden* v. *Scanlin,* 30 Vt. 177 ; *Probate Court* v. *Lynch,* 57 Vt. 282.

It has no power to enforce its final decrees for the payment of money. *In re Brigham,* 32 Vt. 329 ; 3 Redf. Wills, sec. 412.

Its proceedings are *in rem* and binding on all the world including itself. *Rex* v. *Smith,* 8 Vt. 365 ; *Probate Court* v. *Merriam, Ibid,* 234 ; *Bennett* v. *Camp,* 54 Vt. 36.

The Probate Court did not and had no authority to appoint Smith Hodges a trustee; but even if he were a trustee, he might make a valid settlement with his mother so long as it was made

*Re* Hodges' Estate.

understandingly and in good faith. Hill Trustees, ss. 159, 537; 1 Story Eq., s. 321; *Coles* v. *Trecotrick*, 9 ves. 244.

The opinion of the court was delivered by

MUNSON, J. By the will of Edmund Hodges, who died in 1864, the use of all his property remaining after the payment of certain bequests, was given to his wife, Polly Hodges, during her life, and provision was made that at her decease such remainder should be divided in certain proportions among the testator's children. Smith.Hodges, a son of the testator, was named executor, and upon the probate of the will received letters testamentary, and entered upon the settlement of the estate. In 1867, he rendered an account of his administration, and a balance of about $3,600 was found in his hands. The Probate Court thereupon made a decree that the executor pay the income of this sum to Polly Hodges during her life, and that at her decease such sum be distributed to certain persons named in the decree. No further proceedings relating to this fund were had in the Probate Court in the lifetime of Mrs. Hodges. She died in 1888, and this proceeding is prosecuted by her administrator to compel an accounting as to the disbursement of the income.

It is first objected that the decree made in 1867 was a complete and final one, and that nothing is left for the further action of the Probate Court. If the scope of the petition were such as to call in question the proceedings of that court, it might be necessary to inquire into the validity of so much of its decree as was designed to fix the distribution of the principal sum in advance of the time when an actual distribution could be had. But this part of the decree, if treated as valid, does not bar the action which the petition calls for. The petition touches merely the earnings of the fund while the petitionee held it in trust. The distribution of the fund in pursuance of the decree did not discharge the executor from his obligation to account to the Probate Court for the use of it. Nor is he excused from accounting for the income

by the direction contained in the decree as to its payment. He is still liable to such an accounting as will determine whether the income has been paid as directed, and furnish the basis for a further decree concerning such part of it as may still remain in his hands. An order to pay over an income which is subsequently to accrue, does not exhaust the jurisdiction of the Probate Court, nor complete the liability of the person charged with the trust. It remains for that court to determine, at the proper time, what the income has been or should have been, the expenses properly chargeable upon it, and the balance for which the trustee is accountable. No remedy can be had in the common law tribunal until this action has been taken. *Foss* v. *Sowles*, 62 Vt. 221.

It is further objected that Smith Hodges did not receive from the Probate Court an appointment as trustee, and cannot be held to stand in that relation to the fund or its beneficiary. We are unable to discover any ground upon which this claim can be sustained. It is certain that Smith Hodges, by virtue of his appointment as executor, held a certain part of this estate for future distribution, the income of which was, by the terms of the will and the order of the court, to be paid to Polly Hodges during her life. Nothing more could be needed to determine the character of the relation he sustained to Mrs. Hodges, and his liability to account to the Probate Court for the income of the fund. After the ascertainment of .the amount of the residuum, and the decree leaving it in the hands of. the executor to be applied to the use of the widow in accordance with the provisions of the will, the executor was under the obligations of a trustee as completely as if so named in the will and appointed by the court. *Clark* v. *Powell*, 62 Vt. 442.

But the final and main reliance of the petitionee is upon a contract executed by Polly Hodges in 1885, by which she acknowledged having received from the petitionee all sums due her on account of the estate up to that time, and transferred to him all her rights under the will, in consideration of his agreement to

support her during the remainder of her life. It is insisted that this contract was freely and understandingly entered into by Mrs. Hodges, and is of binding force, notwithstanding the fiduciary relation between the parties. But we find nothing in the report of the commissioner to satisfy the rigid tests which it is the duty of the court to apply to a transaction of this character.

The findings that the beneficiary was of sound mind, and fully understood the nature and effect of the contract, will not avail the petitionee, in the absence of anything to show that she had an adequate knowledge of the matters covered by the contract. The petitionee's failure to procure this further finding is fatal to his defense. This contract was entered into after eighteen years had passed without any accounting to the Probate Court or the beneficiary. It does not appear that in connection with the making of the contract there was any actual presentation and settlement of an account, nor that the trustee put the beneficiary in possession of any facts in relation to the amounts received or expended on her behalf, or the then condition of the fund. It is only when it is made to appear to the entire satisfaction of the court that the beneficiary had full knowledge of all the facts bearing upon the settlement, and acted therein advisedly and without undue influence, that a contract of this character between trustee and beneficiary will be sustained. Upon the facts appearing the contract relied upon did not excuse the trustee from rendering an account of his trust to the Probate Court. *Wade* v. *Pulsifer*, 54 Vt. 45.

*Judgment reversed, and cause remanded to the County Court to be proceeded with.*