RE EDMUND HODGES' ESTATE.

SMITH HODGES, EXECUTOR, APPELLEE.

POLLY HODGES' ESTATE, APPELLANT.

GENERAL TERM, 1893.

*Commingling of trust funds.    Trustee liable for loss.*
*Interest.    Trustee a competent witness.*

1.   If a trustee commingles trust funds with his own and loss happens by the transaction, he must make good the entire loss to the trust fund, both principal and interest.

2.   If a trustee commingles the entire trust estate with his own, he should be charged the highest legal rate of interest on the entire trust fund, and allowed nothing for his services in caring for the same.

3.   In such case the trustee's account should be settled with annual rests, he being charged with interest for the year upon the entire fund, and also upon any balance of interest in his hands.

4.   In the settlement of a trustee's account the trustee himself is a competent witness to all matters touching the management of the trust fund or the disposal of it or its income.

This was an appeal from a decree of the probate court settling the account of Smith Hodges, trustee.   Heard at the December term, 1892, Windsor county, upon the report of a commissioner and exceptions thereto, TYLER, J., presiding.   Judgment that the report be accepted, and that nothing is due from the said Smith Hodges, trustee.   The estate of Polly Hodges, appellant, excepts.

Edmund Hodges died February 22, 1864, leaving a will

of which Smith Hodges was appointed executor by the probate court.   March 11, 1867, said executor settled his account in the probate court, and there was found upon such settlement three thousand six hundred ten dollars and sixty-five cents remaining in his hands.   Thereupon he was ordered by decree of said probate court to account to Polly Hodges, widow of the deceased, for the use and income of said three thousand six hundred ten dollars and sixty-five cents during her life time, agreeably to the provisions of the will of the testator:   The accounting before this commissioner was between the estate of Polly Hodges and the said Smith Hodges, executor and trustee, it being claimed upon the part of the said Polly Hodges' estate that the said Smith Hodges had not in his lifetime paid over to her the income of said trust fund.

Polly Hodges died May 20, 1888, and it appeared that during a greater part of the time between the settlement of his account in the probate court, in 1867, and the date of her death, Smith Hodges had mingled the trust funds with his own estate and had kept no separate accounts in reference to the same.   His claim was that, in supporting Polly Hodges, who was his mother, he had paid over to her a sum in excess of what the income of the fund in his hands would reasonably be.   He also claimed several deductions by reason of losses of income, all of which were disallowed by the commissioner, except one.

On June 2, 1877, Smith Hodges loaned one Ford one thousand dollars of money belonging to the trust fund, and four hundred eighty-three dollars of his own money, and took Ford's note, payable to himself, personally, for the whole sum, one thousand four hundred eighty-three dollars, and a mortgage of real estate situated in the village of Woodstock to secure said note.   At the time Hodges took this mortgage he made reasonable inquiry as to the value of the property mortgaged, and came to the conclusion that it

was worth two thousand two hundred dollars, and was good security for the sum loaned. Soon after the execution of this mortgage Ford became insolvent and Hodges was ultimately obliged to take a deed of the property in payment of the note. This was in 1882, and he held title to the property from then until March, 1884, when he sold it for one thousand two hundred dollars. Taking into account the amount which he had expended in connection with the property and the amount which he had received from the property, there was a net loss of principal, besides a loss of interest from June 2, 1877, to the date of the sale, March 27, 1884, which the commissioner held should be deducted from the income of the trust fund.

The commissioner found that Hodges acted with reasonable prudence in negotiating the loan and in caring for and disposing of the property, and that the loss was occasioned mainly or wholly by the depreciation of the value of the mortgaged property and by the insolvency of the mortgagor.

*Norman Paul* for the appellant.

The allowance of the loss on the Ford loan was erroneous. By mingling the trust funds with his own, the trustee became responsible, personally, for whatever loss might occur. 1 Perry Trusts, ss. 447, 463; *Carson* v. *Marshall*, 37 N. Y. 213; *Doud* v. *Holmes, Admx.*, 63 N. Y. 635.

Smith Hodges was not a competent witness in his own behalf. *Johnson, Admr.*, v. *Dexter*, 37 Vt. 641; *Fitzsimmons* v. *Southwick*, 38 Vt. 509; *French, Admr.*, v. *Barron & Eaton*, 49 Vt. 471; *Melendy, Admr.*, v. *Spaulding*, 54 Vt. 517; *Hollister, Admr.*, v. *Young*, 41 Vt. 156; *Godfrey et al.* v. *Downer, Admr.*, 47 Vt. 653; *Woodbury* v. *Woodbury's Est,*, 50 Vt. 152; *Hall* v. *Hamblett*, 51 Vt. 589; *Parris* v. *Bellow's Est.*, 52 Vt. 351; *Pember* v. *Congdon*, 55 Vt. 58.

*William E. Johnson* and *French & Southgate* for the appellee.

THOMPSON, J.   It was held in this case, reported in 63 Vt. 661, that after the ascertainment of the amount of the residuum of the estate of Edmund Hodges, and the decree of the probate court leaving it in the hands of Smith Hodges, the executor, to be applied to the use of the widow, Polly Hodges, in accordance with the provisions of the will, the executor was under the obligations, of a trustee as completely as if so named in the will and appointed by the court.   On this basis he is to account for the income of the trust fund, to which the widow was entitled.

The executor contends that he should not be charged with the interest on the fund lost by the loan to Joseph Ford.   A trustee is bound to act with good faith.   He is not to use the trust property in his own private business, nor is he to make any incidental profits for himself in its management, nor is he to acquire pecuniary gains from his fiduciary position. An important duty of good faith prohibits the trustee from mixing the trust property and his own property together in one amount, the depositing trust moneys in his own personal account with his own moneys in bank, and all similar modes of combining or failing to distinguish between the two funds. This rule is designed to protect the trustee from temptation, from the hazard of loss, and of being a possible defaulter, as well as to protect the trust fund.   Whatever may be the reason or motive that prompts it, if the trustee commingles the trust property with his own, and the mingling is followed by actual loss, accidental or otherwise, the trustee must make good, not only the principal sum lost, but also the interest.   2 Pom. Eq. Juris. (1st Ed.) s. 1076; *Farwell* v. *Steen*, 46 Vt. 678; *McClosky* v. *Gleason*, 56 Vt. 264.   This is the only safe rule for the administration of trusts.   It was held otherwise in *Barney* v. *Parsons*, 54 Vt. 624, but in so

far as that case is in conflict with this rule, we think it ought not to be followed.

Smith Hodges, by loaning Ford one thousand dollars of the trust fund and four hundred eighty-three dollars of his own money, and taking Ford's note for the whole amount, payable to himself, personally, commingled the trust fund with his own, and he must make good the interest lost by that transaction.

The commissioner finds that the executor commingled the entire trust funds with his own, during the greater portion òf the time covered by the accounting, and neglected to keep any separate account of the same or of the interest received thereon. He must, therefore, be charged with the highest legal rate of interest on the entire fund, and can be allowed nothing for his services in caring for the same. *McCloskey* v. *Gleason*, 56 Vt. 264.

It is objected that Smith Hodges was not a competent witness upon any matter in this accounting. By the provisions of R. L., s. 2105 and s. 2490, it is made the duty of the probate court to examine every executor and administrator and guardian, upon oath, as to the correctness of his account, before the same is allowed by the court, except when no objection is made to its allowance and its correctness is satisfactorily established by competent testimony. R. L., s. 2298, imposes the same duty as to the examination of a trustee, as to the correctness of his account, before its allowance by the court. In cases of this kind, the county court is an appellate probate court. R. L., s. 2268. Under these statutory provisions, Smith Hodges was a competent witness upon all questions and matters touching his management of the trust fund and the disposal of the same, or the income thereof, by him. All the findings of the commissioner, necessary for the final disposition of the case, are made, either upon testimony of Smith Hodges admissible

under this rule, or upon other competent testimony having a legal tendency to prove the facts found.

The commissioner has not made a formal statement of the trustee's account, but he has reported such facts as enable this court to determine what judgment is to be rendered. The account is to be adjusted with annual rests, as indicated by the commissioner. The trustee is to be credited each year with the sum allowed him by the commissioner, and as no objection is made to allowing him the sums he paid out for the funeral charges of Polly Hodges and for gravestones for her, he is to be allowed for the same in this accounting, but we express no opinion whether these two items are technically allowable in this accounting, if objected to. He is to be charged each year with the interest on the entire fund, and upon any balance of such interest remaining in his hands at the end of each year, after deducting the sum allowed him for each year. On this basis, allowing the funeral charges and cost of gravestones, as paid May 20, 1888, the date of the death of Polly Hodges, there was then due from the trustee the sum of five hundred fifty-six dollars and ninety-eight cents.

*The judgment of the county court is reversed, and the balance of the income payable to Polly Hodges, due and unpaid, is adjudged to be five hundred fifty-six dollars and ninety-eight cents, and interest thereon from May 20, 1888. To be certified to the probate court, with costs below and in this court to the appellant.*