### CLARENCE LINN v. WILLIAM H. DAVIS.

Where a fund is given to executors to keep invested and pay over the interest to a legatee during his life, a trust is created; and the income of such fund cannot be reached by a judgment creditor of the legatee in satisfaction of his judgment, by supplementary proceedings under the act respecting executions. *Rev., p.* 393.

---

On application for the appointment of a receiver in proceedings supplemental to execution.

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, REED and GUMMERE.

For the plaintiff, *John Linn.*

For the defendant, *William H. Davis, pro se.*

The opinion of the court was delivered by

GUMMERE, J.  The plaintiff recovered a judgment in this court against the defendant, and caused execution to be issued thereon, which was returned unsatisfied. He subsequently obtained from one of the justices of this court, pursuant to sections 23 and 24 of "An act respecting executions" (*Rev., p.* 393), an order requiring the defendant to appear before a Supreme Court commissioner and make discovery of his property and things in action.

Upon the examination of the defendant, which followed the making of this order, no property was discovered excepting an interest in the estate of his deceased wife, which the

defendant had acquired by virtue of a provision in her will, which was in the following words: " I give and bequeath to my sister Elizabeth, my brother George R. Harris, and my husband William H. Davis, the interest on all my real and personal estate during their natural lives, and, at the death of either of them, their share to go to the survivor or survivors, and after their deaths the principal to be divided equally between my nephews and nieces."

The question now presented for consideration is whether, in this condition of affairs, the plaintiff is entitled to the appointment of a receiver, under the twenty-sixth section of the statute above referred to. By the twenty-third and twenty-fourth sections of this act a judgment creditor, who has been unable to obtain satisfaction of his judgment by execution, is entitled, upon complying with certain requirements contained in the act, to have a discovery made by his debtor of the property and things in action which are due to him, and also of those which are held in trust for him, provided the trust has been created by, or the property held in trust has proceeded from, himself; and in case any such property is discovered, then, by the twenty-sixth section of the act, the creditor is entitled to have a receiver appointed to take possession of the same and apply it in satisfaction of his judgment.

The insistment of the plaintiff in this case is that the provision contained in the will of the defendant's wife, for the benefit of her husband, is an absolute gift of a legacy to him, and does not create any trust; that it is property due to him from his wife's estate, and not property held in trust for him, and is consequently chargeable with the payment of the plaintiff's judgment; and that, therefore, the application for the appointment of a receiver should prevail.

But this contention, as it seems to me, is without force. The gift to the defendant, jointly with the sister and brother of the testatrix, is of the interest upon her residuary estate during their lives and the life of the survivor of them. It is true that the will appoints no trustee *eo nomine*, to hold the residuary estate during their lifetime, but as the income only

is given to them they are not entitled to the possession of the *corpus* of the estate. A trust is, therefore, necessarily constituted for the purpose of keeping that *corpus* invested and paying over the income so long as the three persons mentioned in the will, or any of them, shall live; and, as no person has been designated in the will for the performance of this trust, that duty, by implication, falls upon the executors. 1 *Perry Trusts*, § 262; *Wheeler* v. *Perry*, 18 *N. H.* 311; *Richardson* v. *Knight*, 69 *Me.* 288.

The portion of the interest of this estate which is payable to the defendant being moneys which proceed from a fund which was created by his wife, and which is held in trust by her executors, cannot be reached by the plaintiff for the purpose of satisfying his judgment, for, although the statute under consideration enlarged the powers of courts of law, in subjecting the property of a judgment debtor to the payment of a judgment debt, yet it is entirely clear, from a reading of the act, that the power of such courts over money and things in action, held in trust, was extended no farther than to trusts created by the debtor himself. *Frazier* v. *Barnum*, 4 *C. E. Gr.* 316; *Force* v. *Brown*, 5 *Stew. Eq.* 118; *Hardenburgh* v. *Blair*, 3 *Id.* 645; *Lippincott* v. *Evens*, 8 *Id.* 553.

The application for the appointment of a receiver should, therefore, be denied.