## ANDREW MARSHALL, Appellant, v. SIMEON MEYERS et al., Respondent.

### Kansas City Court of Appeals, December 1, 1902.

1. **Bills and Notes: PURCHASER: PAYMENT: PRESUMPTION: POSSESSION: PAST DUE.** Where the payor pays the money to the holder and receives the note, the transaction is presumed to be a discharge; but where one not the payor pays the holder and takes the note with his indorsement, the transaction is presumed to be a purchase; and possession with blank indorsement is prima facie ownership, and the fact that the note is past due will not alter the presumption.

2. ———: **ADMINISTRATION: SALE: EXECUTOR.** Without an order of court, an executor in the exercise of his ordinary powers as such, has no authority to sell a note.

3. **Wills: CONSTRUCTION: EXECUTOR: TRUSTEE.** Where a will requires the executor to administer a trust fund in a certain way for certain purposes, as for instance collecting the interest on a note and paying it to a widow during life and then to distribute the principal on collection to heirs, he is as to such duties a trustee.

4. ———: **EXECUTOR: ADMINISTRATION: TRUSTEE.** Such trusteeship, however, does not interfere with his duties in the ordinary administration of the estate, but as to his trusteeship he exercises power and authority under the law and the will uninfluenced by the restraints upon the office of executor.

5. ———: ———: **POWER OF TRUSTEE: SALE OF NOTE.** So where a will required the executor to collect and pay the interest on a note to the widow during her lifetime or on its collection pay her eight per cent on the amount of the note, and after her death to distribute the principal to the heirs, he was trustee as to such fund and could dispose of and sell the same unrestrained by the statute forbidding executors to sell without an order of court.

6. ———: ———: **TRUSTEE: DEBTS.** Where a will confers on the same person the double office of executor and trustee, the duties of the first are primary to the duties of the second office, and the creditors must be satisfied before there is room for trusteeship.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander,* Judge.

REVERSED AND REMANDED.

*J. M. Davis & Sons* and *Lewis A. Chapman* for
appellant.

(1)   We claim that the court committed error in
holding that the executor was without power to sell or
dispose of the note as a trustee.   We say that by the
terms of the will he was, as to this note, a trustee to
hold it or its proceeds, and had full power to sell, or
collect, or reinvest.   A purchaser in good faith of such
a note from the trustee takes the title thereto and is
not bound by the acts of the trustee with reference to
the purchase money paid.   Mason v. Bank, 16 Mo. App.
275; Mason v. Bank, 90 Mo. 452.   Gale v. Mensing, 20
Mo. 461; s. c., 64; Am. Dec. 197, and note on page 199;
Field v. Schieffelin, 7 Johnson Ch. 150; 1 Perry on
Trusts, 334; Robison v. Pierce, 118 Ala: 273.   (2)
The question in this case is, was Albert L. Maberry,
the executor, also a trustee of the note at the time he
sold and transferred this note to the plaintiff; was he
a trustee of an express trust?   It was said by Lord
ELDON that the word "trust" not being made use of
is a circumstance, but nothing more, and, if the whole
frame of the will creates a trust, the law is the same
though the word "trust" is not used.   Hill on Trus-
tees (3 Am. Ed.), 99; Id. (Original Ed.), p. 65, and cases
there cited; Tobias v. Ketchum, 32 N. Y. Rep. 327; Bu-
channa v. Little, 47 N. E. (N. Y.) 970; 154 N. Y. 147.
(3)   We admit that this executor, if he had nothing to
do with this note but to receive the proceeds and dis-
tribute, and he was to exercise none of the functions of
a trustee, could not sell or assign this note as it had
been repeatedly decided that section 210, Revised Stat-
utes, 1899, is restrictive; but we claim that this statute
and the decisions of the Supreme Court construing
the same have no application to the facts of this case.
In this case this executor acted in a dual capacity.   He
was executor and also a trustee as to this note; on the
fact of the maxim that when different rights meet in

the same person they are to be treated as if they were in different persons, courts of equity recognizing the union of executor and trustee in the same individual *redendo singula singulis,* have considered real estate directed to be sold for the payment of debts as equitable assets, and consequently as the subject of a trust. Ross v. Barclay, 55 Am. 619; 18 Pa. St. 179. (4) The defendants can not question the sale as they are not interested in the sale. Boeger v. Langerberg, 42 Mo. App. 7; Salmon v. Clagitt, 2 Blank's Ch. 169-171; Kearney v. Vaughn, 50 Mo. 284; Connelley v. Mammond, 51 Texas, 635; Small v. Railroad, 55 Iowa 582; Copeland v. Ins. Co., 6 Pick. 197; Cracker Co. v. Ins. Co., 41 Mo. App. 530. (5) In this case at the time of the sale and transfer of said note, the estate had no interest in the note except to see that the proceeds was held for the benefit of the widow and persons named in trust. It was not needed for the payment of debts. Christy v. Railway, 70 Mo. App. 43.

*Frank Sheetz & Sons* and *Chas. A. Loomis* for respondents.

(1) The answer of the defendants and respondents pleaded payment of the note sued on. The court found the note was paid. This court will not review the findings of the trial court on the issues of fact where the evidence is conflicting. Blanton v. Dole, 109 Mo. 64; State ex rel. v. Stead 143 Mo. 248; Sutter v. Raeder, 149 Mo. 297; James v. Hicks, 76 Mo. App. 108; Rice v. McClure, 74 Mo. App. 383. (2) A. L. Maberry, the executor of the will of William Maberry, deceased, had no authority under the law to assign the note sued on to appellant. R. S. 1899, sec. 210, p. 169; Stagg v. Linnenfelser, 59 Mo. 336; Chandler v. Stevenson, 68 Mo. 450; Weil v. Jones, 70 Mo. 560; State to use v. Burning, 74 Mo. 96; Scudder v. Ames, 89 Mo. 520; Cowgill v. Lindville, 20 Mo. App. 138. Under the evidence and the above authorities there was no error in sustaining demurrer by the court below to the evi-

dence of appellant. (3) The will of William Maberry did not create a trust estate, whereby the executor was authorized to sell or dispose of the note sued on. If this will created a trust estate, then any will devising a life estate or the income of any property to a devisee, creates a trust estate, even though no power is given to the executor to continue in charge of the estate, longer than the law requires him, to settle it up, and no authority is given him whatever by the will to dispose of the assets of the estate.

ELLISON, J.—This action is based on a promissory note. The trial court sustained a demurrer to the evidence and the plaintiff duly appealed.

It appears that in 1890, in the lifetime of William Maberry, the "Avalon College" borrowed of him one thousand dollars, due in four years, with eight per cent interest per annum. The note was signed officially by the chairman and secretary of the board of trustees, as well as by several others, apparently in their individual capacity. Maberry died in 1895, and left a will, referring therein to said note as the "Avalon College note" and appointing his grandson, Albert L. Maberry, executor. The will reads as follows:

"I will and bequeath first of all to my beloved wife, Marian M. Maberry, my house and lot in Avalon, Livingston county, Missouri, also the interest on what is known as the Avalon College note, and if said note is paid then she is to receive interest at the rate of eight per cent on one thousand dollars, annually until her death, when the $1,000 is to be divided equally among my heirs, except Daniel P. Maberry who is to receive only one hundred dollars of it. The 80 acres I now live on is to remain in my name, and my wife is to have the proceeds of it until her death, when it is to be sold and divided equally among my heirs. My notes, deeds of trust, cash on hand and personal property, after all funeral and necessary expenses are paid, is to be divided equally among my heirs, Pernicy C. Gibbons, Thomas B. Maberry, Sarah Jane Morris,

George Maberry's heirs, Wylie Maberry's heirs, except Daniel P. Maberry, who is to receive only one-half as much as the other heirs. I hereby appointed Albert L. Maberry my executor to settle up my estate."

After the death of William Maberry, the plaintiff having become one of the college trustees, claims that he purchased the note of the executor and that the executor indorsed it to him in blank. The defendants claim that plaintiff did not purchase the note, but that he paid it off and discharged it. Following these contentions, the defendants claim that though plaintiff did attempt to purchase the note and the executor to sell it to him, yet the executor could not do so under the law of this state and that plaintiff got no title by such attempted purchase. On the other hand, the plaintiff contends that under the will the executor held the note as a trustee and in that capacity had legal authority to sell it and that he got a valid title by his purchase.

We are of the opinion that a fair consideration of the evidence shows that plaintiff purchased the note. The undisputed facts are that he used his own funds for its purchase; and that he was not under any personal obligation to pay it, and that the executor indorsed it in blank and delivered it to him uncancelled; and that at the time of his purchase, just as the executor indorsed and handed it over to him, he said that he believed it was a good investment. These facts ought to overcome the mere statement of the executor that he thought it was being paid off and discharged.

Ordinarily, where the payor of a promissory note pays the money due thereon to the holder and receives it from him, it will be presumed the transaction was a discharge of the note. But, upon the other hand, where one, not the payor, pays the amount due upon a note to the holder and takes his indorsement and receives from him the possession, it will be presumed that the transaction was a purchase and not a discharge. Possession with a blank indorsement of a promissory note is prima facie an ownership of such note. And the fact that the note is past due when possession re-

ceived will not alter the presumption. James v. Chalmers, 6 N. Y. 209. Whatever tendency the fact that plaintiff was one of the trustees of the corporation owning the note may have to neutralize the force of the presumption arising from his possession, is fully met by the evidence in behalf of plaintiff's ownership.

We are therefore brought to the necessity of passing on the legal right or authority of the executor to sell the note. It is conceded by plaintiff to be the law in this State that without an order of the probate court, or a direction in the will, the executor, exercising the ordinary power of an executor, has no such authority. Sec. 210 R. S. 1899; Stagg v. Linnenfelser, 59 Mo. 336; Chandler v. Stevenson, 68 Mo. 450; State to use v. Berning, 74 Mo. 96.

But it is contended that the will in this case made of the executor a trustee (or gave him the powers of trustee) who held the note in trust for the purpose contemplated by the testator. We believe such contention to be sound. For the law is that where a will provides for the administration of a trust fund, as, for instance, that the income of a sum of money be applied to the benefit and use of a person during life and afterward to be divided among his heirs, and appoints an executor without specifying that he or anyone else shall act as trustee, the executor, as such, becomes the trustee of the fund. Scott v. West, 63 Wis. 558; Dorr v. Wainright, 13 Pick. 328; Hodges Estate, 63 Vt. 661; White v. Mass. Inst., 171 Mass. 84, 96.

The executor, *as such*, handles the fund and administers the trust as directed by the will. Field v. Hitchcock, 17 Pick. 182; White v. Mass. Inst., supra; Hodges Estate, supra; Carson v. Carson, 6 Allen 397; Pettingall v. Pettingall, 60 Maine 423; Richardson v. Knight, 69 Maine 285; Scholl v. Olmstead, 84 Georgia 693; Keplinger v. Maccubbin, 58 Maryland 203. Though his ordinary powers as executor have been added to by the trusteeship. He occupies a double capacity. He is an executor proper, for the ordinary ad-

ministration of the estate, and he is also a trustee to administer the trust fund as directed by the testator.

As to matters pertaining to the trusteeship he may exercise the power and authority of a trustee under the law and the direction of the will uninfluenced by restraints upon the office of executor. That an executor administering a trust fund must exercise more power in that regard than if he was administering the fund in ordinary administration of a decedent's estate ought not to be considered disputable. For the ordinary duties and powers of an executor pertain merely to gathering the estate together, paying debts and legacies and distributing the remainder. The powers of the two capacities in one person are distinct. We examined such question as to real estate in Compton v. McMahan, 19 Mo. App. 504-511, and concluded that where an executor had been directed to sell lands of the decedent, he would do so in the capacity of trustee and that such trusteeship could not be exercised by a succeeding administrator.

In view of the foregoing considerations, we construe the statute aforesaid, restraining the power of the executor to sell, to refer to him in his ordinary capacity as an executor; and that it does not affect the trustee power which has been joined with his executorship. We regard the case of Carson v. Carson, 6 Allen 397, as directly bearing out this construction. In Massachusetts there was a statute that debts, legacies, goods, effects or credits "in the hands of an executor or administrator *as such*" could be attached in his hands. Yet it was held in that case, that personalty left by will so that the income and interest thereof was to go to the widow during life and then to be distributed to heirs, was in the hands of the executor appointed by the will, in the capacity of trustee, and the statute did not reach him in that capacity, and therefore he could not be garnished in respect to such property.

There is another consideration which we may, with propriety, notice. The law requires an estate to pay

the debts of the decedent before its assets are diverted to other purposes. In many instances it can not be known whether portions of an estate disposed of by will, will be needed for the payment of debts. Therefore, ordinarily, as a matter of caution, the administration of the estate by the executor ought to so far proceed as to show by his settlements that the trust fund will not be needed for the primary obligations of the estate. Indeed, the executor could make a full settlement as to the ordinary duties of an executor so that the balance of his stewardship would have only to do with his trusteeship. In some States this is required and a new bond as trustee is entered into for the performance of such continued duties.

Whether that could be done in this State the necessities of this case do not require us to decide. But what we do say is that the executor's duties as such are primary to his duties as a trustee; for until creditors are satisfied, or there is sufficient for their satisfaction, there is no room for trusteeship. How this should be made to appear it is not necessary to decide. Such question more frequently arises where there are separate bonds for the two capacities and the question is whether the sureties of the executor or trustee are liable. The point here is that the executor had added to his ordinary duties the power of a trustee. This, as we have seen, gave him authority as executor which pertains to a trustee. If he should exercise his trustee powers inopportunely, as, for instance, before it is known whether the trust property will not be exhausted for debts, and loss to creditors should ensue, he and his sureties would be liable therefor. Whether in such case, at the election of parties in interest, the trust fund could be recovered from the purchaser, need not be decided at this time.

In this case the deceased died in January, 1895, and the executor qualified during the next month; and in the October following he sold the note in controversy to plaintiff. This action was not begun until some five

years thereafter when it was made to appear that there were no debts or other legal calls for the fund.

Having thus shown that the executor as to the trust fund embodied in the note in question may exercise the powers of a trustee, we have only to ascertain whether a trustee has authority to sell a promissory note. As to such question we are relieved of the necessity of an independent examination, since it was decided by the St. Louis Court of Appeals in Mason v. Bank, 16 Mo. App. 275 (affirmed in 90 Mo. 452), that a promissory note to mature in less than a year was a transient security and, as such, could be sold by a trustee and good title conveyed.

The result is that the judgment must be reversed and the cause remanded. All concur.