AMOS A. HALL ET AL. v. MARGARET F. C. TURNER'S ESTATE.

May Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed August 22, 1905.

*Guardian and Ward—Mingling Trust Funds—Dealings With Ward—Settlement With Ward After Full Age—Duty of Guardian to Disclose Essential Facts—Acquiescence of Ward in Settlement—Effect.*

When a guardian, who has received money in trust for her ward, mingles with it her own funds and invests it in her own name, she must account for it in money, unless the ward has become barred of his right to insist upon such accounting.

A guardian who has received money in trust for her ward, cannot make a valid contract with him, while he is a minor and under her guardianship, for the transfer to him of bank stock in discharge of her liability to account for the trust fund.

A guardian mingled with her own funds and invested in her own name, a money legacy received by her in trust for her infant ward, from an estate of which she had been administratrix; and shortly before the ward became of age she transferred to him four shares of bank stock, which he continued to hold till more than six years after he became of full age, when he signed a receipt acknowledging the receipt of said stock from her as administratrix of said estate. After the decease of the guardian, and after the failure of the bank, in an action by the ward against the guardian's estate to recover the legacy, *Held,* that it not appearing that the claimant during the lifetime of the guardian, knew of the facts which entitled him to reject the stock and to demand and receive the trust fund in money, the transfer of the stock did not operate as payment, and his claim is not barred by lapse of time or acquiescence.

APPEAL from the decision of commissioners disallowing the claims presented by Amos H. Hall, Carleton A. Hall, and John A. Hall against the estate of Margaret F. C. Turner. Heard on the report of a referee at the September Term, 1904, Washington County. Judgment for the claimants, Carleton A. Hall and John A. Hall, to recover the sum found due by the report. Judgment, *pro forma,* for the defendant against Amos H. Hall, who excepted.

The deceased was guardian of all the appellants and trustee of a money legacy to them from their grandfather. Amos H. Hall became of full age February 17, 1893, and he received a dividend of $16 on the bank stock, July 8, 1893. The receipt mentioned in the opinion was signed by him in 1899, "more than six years after he became of full age," and besides the $400 in bank stock received in 1893, shows that in 1898 he received $75.33, and in 1899, $10.07, and the referee reports that he did receive those sums from the deceased in those years, and adds that he is "unable to clear his mind of the impression that the receipt was a receipt given by Amos H. Hall for his share of the fund left by his grandfather."

The bank went into the hands of receivers and ceased to do business on February 21, 1901. An assessment of 20% was made in 1898, and Amos Hall paid his assessment, amounting to $60, his number of shares having been reduced from four to three.

*Heaton & Thomas* and *Plumley & Plumley* for Amos H. Hall.

A trustee must not mingle trust funds with her own. *Clement* v. *Clement,* 19 N. H. 460; *Norwood* v. *Harness,* 98 Ind. 134; *Hun.* v. *Cary,* 82 N. Y. 65; Perry, Trusts, § 452; *Gray* v. *Fox,* 1 N. J. Eq. 259; *Sparhawk* v. *Sparhawk,* 114 Mass. 356; *Utica Ins. Co.* v. *Lynch,* 11 Page 520; *Knowlton* v. *Bradley,* 17 N. H. 458; *McAllister* v. *Com.,* 30 Pa. St. 536; *Webster* v. *Pierce,* 35 Ill. 158; *Shaw* v. *Bauman,* 34 Ohio St. 25.

The law presumes undue influence in contracts between guardian and ward, which result to the ward's disadvantage. *In Re Cowdry's Will,* 77 Vt. 359; *Wade et al.* v. *Pulsifer et al.,* 54 Vt. 45; *Tucke et al.* v. *Buchholz,* 43 Iowa 415; *Spalding* v. *Brant et al.,* 3 Md. Ch. Dec. 411; *Stark* v. *Gamble,* 43 N. H. 465; *Van Rees* v. *Wilzenberg,* 83 N. W. 787.

*George W. Wing* for the defendant.

START, J. This is an appeal from the disallowance of claims presented to the commissioners on the estate of Margaret F. C. Turner. The case was heard in the county court on the report of a referee.

The claim of Amos H. Hall is for a legacy under the will of one Olive A. Fisk, mother of Mrs. Turner, and grand-

mother of the claimant; of which will Mrs. Turner was executrix. The county court disallowed the claim presented by Amos H. Hall, and the case is here on his exception to such disallowance, and the only question presented for consideration is, whether the facts found by the referee, show a payment and discharge of the claim by the transfer of four shares of the capital stock of the Citizens' Bank of La Cygne, Kansas, to the claimant by Mrs. Turner. Mrs. Turner was appointed trustee of said legacy and guardian of the claimant by the probate court, and received the legacy in money; mingled it with her own moneys, and invested it in her own name. She never settled her account with the probate court and the trust relation continued until her death, unless it was terminated by the transfer of the bank stock. The guardian and trustee having received the legacy in money, mingled it with her own moneys, and invested it in her own name, she was holden to account for it in money, and her estate is thus accountable, unless the claimant is barred of his right to insist upon such accounting by reason of his receiving and holding the bank stock under the circumstances found by the referee. *Drake* v. *Wild,* 65 Vt., 611, 27 Atl. 427; *Re Hodges' Estate,* 66 Vt. 70, 28 Atl. 663.

Mrs. Turner did not receive the bank stock from the estate of Olive A. Fisk, nor did she purchase it for or in the name of the claimant. In January 1892, she purchased seventy-six shares of the capital stock of the bank, the stock of which is in question, the par value of each share being one hundred dollars, and on the 1st day of January, 1893, she transferred four shares of this stock to the claimant, who was then a minor and under her guardianship, and after he reached his majority he signed a receipt acknowledging the receipt of the stock from Mrs. Turner as administratrix of his grand-

father's estate. The referee finds that this receipt was given for the claimant's share of the fund left by his grandmother, but the referee says that he "does not find that said Amos H. Hall knew the four shares represented the portion due him from the estate of Olive A. Fisk."

The capital stock of the bank was originally fifty thousand dollars, but after the transfer of stock to the claimant, it was reduced to twenty thousand dollars, and he paid an assessment of sixty dollars on the shares transferred to him. The bank is now in the hands of a receiver, and has been for four years. It is not found that the stock is of any value. Upon this subject the referee says that nothing appeared before him upon which to base a finding as to the value of the stock at any time before or since the bank failed. It does not appear that the guardian and trustee informed the claimant, or that he knew, anything about the affairs of the bank, or the value of the stocks at the time he received it, or at the time he signed the receipt. The referee does not find that the claimant was informed or knew that the four shares of stock represented the portion due to him from the estate of Olive A. Fisk; nor that he knew that anything was or would be due to him from that estate; nor that the guardian and trustee informed him where the fund came from, in what form it came to her hands, in what capacity she held it, or that she gave him any information that would aid him in determining his rights in the premises.

It was her duty to inform him of the facts which entitled him to reject the stock and to demand and receive the trust fund in money on reaching his majority. He had a right to know from her, and it was her duty to inform him, that she held this legacy in trust for him; that it came to her in money; that she mingled it with her own moneys, and invested it in

her own name; that she did not purchase the stock for him nor in his name; that the stock did not come to her hands from the estate of Olive A. Fisk; and that the stock, as such, never came to her hands in trust for him. The burden was on the defendant to show that the claimant was thus informed, but the case is barren of any facts which show that the guardian and trustee performed her duty in these respects. In the absence of such showing it must be taken that the claimant was not thus informed, and that he took the stock in ignorance of essential and controlling facts affecting his rights, which the guardian and trustee was bound to disclose to him. The claimant having taken and held the stock, in so far as appears, until after the decease of the guardian and trustee, in ignorance of material and controlling facts affecting his rights, which he had a right to know from the guardian and trustee, he is not bound by his acceptance of it, and his receiving and holding it did not have the effect of a payment and discharge of his claim. *Wade* v. *Pulsifer,* 54 Vt. 45; *Re Cowdry Will,* 77 Vt. 359, 60 Atl. 141; *Re Hodges Estate,* 63 Vt. 661, 22 Atl. 725; *Scoville* v. *Brock,* 76 Vt. 385, 57 Atl. 967.

The transfer of the stock, if it related to the claim in question as is claimed by the defendant, was in effect an attempt on the part of the guardian and trustee to make a contract with her ward, while he was a minor and under her guardianship, for the sale of the stock to him and apply its par value in discharge of her liability to account for the trust fund. This she could not do. She could make no legal contract with him during his minority, and the taking of his receipt after he attained his majority acknowledging that he had received the stock from her as administratrix of his grandfather's estate was not an affirmance of the claimed con-

tract; for, as we have seen, the receipt was given in ignorance of material and controlling facts affecting the transaction, which he was entitled to know from the guardian and trustee; also the receipt in no way refers to the claim in question. It is an acknowledgment that the claimant has received four shares of stock from Mrs. Turner as administratrix of his grandfather's estate; and he did not know that it was intended for a purpose other than its plain import.

In 15 Am. & Eng. Enc. 86, is it said that "after the ward attains majority but before the guardian's accounts have been settled, while the disability of infancy has been removed, that arising from the trust relation is slightly, if at all, diminished, and contracts between the guardian and ward are either conclusively or presumptively deemed void." And on page eighty-seven of the same volume many cases are cited in support of the rule, that the considerations which cast suspicion upon a contract between guardian and ward made soon after the ward's majority apply with at least equal force to a settlement of the guardian's account agreed upon between them; and the court will not sustain such a settlement as a bar to the ward's rights unless it is clearly shown that the settlement was a fair one, and that the ward acted in entire freedom from the guardian's influence and upon full knowledge as to the facts and his rights thereupon. The case of *Scoville* v. *Brock,* before cited, is also an authority for this rule.

It not appearing that the claimant at any time during the lifetime of the guardian and trustee, knew of the facts that entitled him to repudiate the transfer of the stock and to demand and receive the trust fund in money on reaching his majority, his claim is not barred by lapse of time or acqui-

escence.   The burden was upon the defendant to show such knowledge.   *Wade* v. *Pulsifer,* 54 Vt., 45.

*The pro forma judgment of, the county court is reversed, and judgment is entered for the plaintiff, Amos H. Hall, to recover seven hundred thirty-eight dollars and nineteen cents, with interest on said sum from November 2, 1904, and his costs.   This judgment is to be certified to the probate court.*