FERD HEIM BREWING COMPANY, Appellant, v. KATE JORDAN, Administratrix, etc., Respondent.

Kansas City Court of Appeals, February 6, 1905.

PRINCIPAL AND SURETY: Surety's Payment: Equitable Assignment: Limitation. Where a surety pays his principal's note the payment operates as an equitable assignment thereof to the surety who thereby becomes possessed of all rights and remedies which the creditor had at the time, and in equity may maintain an action for subrogation any time within ten years from maturity of the note, notwithstanding limitation may have run against his action at law.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

REVERSED AND REMANDED.

*Hardin, Taylor & Mosby* for appellant.

(1) Appellant, on paying the money to the bank, took its place, and stands in its shoes as to the note. It is not suing at law in assumpsit, upon an implied promise on Jordan's part to refund the money it paid for him; but it is asking to be subrogated to the rights which the bank, Jordan's creditor, had for the same debt. George v. Somerville, 153 Mo. 16; Storts v. George, 150 Mo. 8; Hackett v. Watts, 138 Mo. 517; Benne v. Schnecko, 100 Mo. 257; Humphreys v. Milling Co., 98 Mo. 553; Blair v. Railroad, 89 Mo. 393; Ferguson v. Carson, 86 Mo. 679; Hammons v. Renfrow, 84 Mo. 341; Butler v. Lawson, 72 Mo. 227; Church v. Robberson, 71 Mo. 334; Berthold v. Berthold, 46 Mo. 557; Furnold v. Bank, 44 Mo. 336; Arnot v. Woodburn, 35 Mo. 99; Miller v. Woodward, 8 Mo. 169; Arn v. Arn, 81 Mo. App. 137; Harper v. Kemble, 65 Mo. App. 517; Fisher v. Association, 59 Mo. App. 435; Clark v. Bank, 57 Mo. App. 282; Coal Co. v. Slevin, 56 Mo. App. 107; Harper v. Rosenberger, 56 Mo. App. 388; Roberts v. Bartlett, 26 Mo. App. 617; 1 Brandt on Suretyship, secs. 269, 270, 271; Bispham's Prin. Eq., secs. 335, 336; Beville v. Boyd (Tex.), 42 S. W. 318, 41 S. W. 670; Carpenter v. Minter (Tex.), 12 S. W. 180.

*John L. Wheeler* for respondent.

(1) The payment of the note by appellant extinguished the note and appellant's action was at law either in assumpsit or under section 4504, Revised Statutes 1899. Miller v. Woodward, 8 Mo. 175; Burton v. Rutherford, 49 Mo. 255; Halliburton v. Carter, 55 Mo.

435; Blake v. Downey, 51 Mo. 437; Hearne v. Keath, 83 Mo. 89; Burkhartt v. Helfrich, 77 Mo. 376; Bauer v. Gray, 18 Mo. App. 169; Harper v. Kemble, 65 Mo. App. 518; Williams v. Gerber, 75 Mo. App. 30.   (2)   Appellant's action being at law it was barred by the five-year Statute of Limitation, at the time of the death of Jordan, and respondent had the same right to set up this statute as a bar that Jordan had.  R. S. 1899, sec. 4273; Harper v. Eubank, 32 Mo. App. 259; Kreeder v. Isenbise, 123 Ind. 10; Rodman v. Hedden (N. Y.), 10 Wend. 498;  Burnham v. Galloway, 13 Iowa 68;  Wilson v. Crawford, 46 Iowa 19; Robinson v. Jennings, 70 Ky. 530; Godfrey v. Rice, 59 Maine 308; Wheeler v. Young, 143 Mass. 143; Scott v. Nichols, 27 Miss. (Cush.) 94.

JOHNSON, J.—The undisputed facts in this case are that the defendant's intestate, Samuel Jordan, executed his note with the plaintiff as surety thereon to the Missouri National Bank for $500; that said Jordan failing to pay the note at maturity, plaintiff—his surety —was compelled to pay it; that Jordan has since departed this life and defendant is administratrix of his estate.   This is a suit in equity by which the plaintiff seeks to be decreed to be the equitable assignee and owner of said note and subrogated to all the rights and remedies of the payee thereunder.   It is conceded that this suit was not brought until the lapse of more than five years after plaintiff had been compelled to pay the note, but it was brought within ten years from the date of the maturity of the note.   There was a trial resulting in a decree for defendant, from which plaintiff appealed.

Two remedies at law were open to plaintiff upon payment of the note: an action at common law for money paid on his principal's account; and an action under the provisions of sections 4504 and 4505, Revised Statutes 1899.   The main question in the case is, did the plaintiff at the time of the payment of the note also

possess a concurrent equitable remedy to sue upon the note itself as its equitable assignee and owner? The answer to this question in turn depends upon the solution of another, i. e., Did the payment of the note by the surety operate as an extinguishment of the debt, or, did it have the effect of an equitable purchase by the surety of the note from the creditor and thereby vest in him all the rights and remedies possessed by the creditor thereunder?

If the debt was extinguished, the creditor holding no securities therefor, subrogation would not inure to the surety, and he would be thrown back upon his remedies at law; but if by payment he became the equitable assignee and owner of the note, he necessarily was clothed with all of the creditor's rights and could pursue, upon the note itself, in equity, the same course within the same time that the creditor could at law had he remained the owner of the note. One of two propositions must be true; either the surety by payment stands in the creditor's shoes possessed of all his rights and remedies; or else, with respect to the obligation itself, he does not take the place of the creditor, has none of the creditor's rights and remedies thereunder, and subrogation can aid him only with respect to any securities, etc., which the creditor may hold for the debt. Therefore, it will not do to say in a suit such as this, brought by the surety, that limitation will shut out the surety in a shorter period of time than it would the creditor in an action brought by him upon the note, had payment not been made. The surety either gets all of the creditor's rights and remedies by constructive purchase, or he gets none. Conduct of the surety with respect to the time of bringing suit in equity will not constitute laches which, if the act of the creditor, would have been due diligence.

Nor does it affect the surety's remedy in this action that limitation has run against an action at law.

He had the right upon payment to proceed at law either in assumpsit or under the statute to recover the money paid out by him on his principal's account; and he also had the right to treat himself as the owner in equity of the note and to proceed accordingly, without reference to his legal remedies.

Limitations being disposed of, we revert to the main question: Was the note extinguished or equitably assigned as the result of the surety's payment? We must hold, under the following authorities, that the payment operated as an equitable assignment of the note, and that the surety thereby became possessed of all rights and remedies which the creditor had at that time. [George v. Somerville, 153 Mo. 7; Storts v. George, 150 Mo. 1; Hackett v. Watts, 138 Mo. 502; Benne v. Schnecko, 100 Mo. 250; Humphreys v. Milling Co., 98 Mo. 542; Blair v. Railway, 89 Mo. 383; Ferguson v. Carson, 86 Mo. 673; Hammons v. Renfrow, 84 Mo. 332; Butler v. Lawson, 72 Mo. 227; First Baptist Church v. Robberson, 71 Mo. 334; Berthold v. Berthold, 46 Mo. 557; Furnold v. Bank, 44 Mo. 336; Arnot v. Woodburn, 35 Mo. 99; Miller v. Woodward, 8 Mo. 169; Arn v. Arn, 81 Mo. App. 133; Harper v. Kemble, 65 Mo. App. 514; Fisher v. B. & L. Assn,. 59 Mo. App. 430; Clark v. Bank, 57 Mo. App. 277-282; Coal Co. v. Slevin, 56 Mo. App. 107; Harper v. Rosenberger, 56 Mo. App. 388; Roberts v. Bartlett, 26 Mo. App. 617; 1 Brandt on Suretyship, sections 269, 270, 271; Bispham on Prin. Eq., sections 335-36; Sheldon on Subrogation, pp. 159, 165.]

In England and in some of the States the rule is followed that payment by the surety extinguishes the debt, and the surety becomes subrogated only to such securities, etc., as the creditor may hold. But in this and many other States, as will appear from the authorities above cited, the rule is well settled that the debt itself is assigned without regard to securities. In Berthold v. Berthold, supra, the Supreme Court

through Judge Bliss said: "So in the United States, though not in England, it is held that a surety who pays the debt of the principal is entitled to an assignment of the instrument paid. . . . So when the second obligation turned out as collateral is paid the original instrument, so far as the creditor is concerned, is paid and extinguished, but is still alive in favor of him who has paid it, and he should be permitted to avail himself of any right in regard to it to which its purchase would entitle him." The principle there stated has been repeatedly reannounced and the case cited with approval by the supreme and appellate courts. In Benne v. Schnecko, supra, it was recognized as settled law. "Mere payment of the debt by the surety is considered to operate as an assignment of it to the party paying with all the rights and liens which attached to it as incidents in the hands of the creditor." And in Storts v. George, supra, l. c. 8, the rule is given the broadest scope: "No principle is better settled than that when a surety pays the debt of his principal he by reason thereof becomes entitled in equity to all of his rights, *remedies*, securities, funds, liens and equities which the creditors may have for the same debt."

The case of Burton v. Rutherford, 49 Mo. 255, much relied upon by respondent, is not in conflict with the rule announced. That was an action *at law* brought by the surety who had elected to proceed not in equity as the owner of the debt but at law for money paid out by him for his principal. The court said, "this payment extinguished the note and gave the appellant a right to sue for money paid," etc. It is not out of harmony with the views herein expressed to say that after the surety has chosen not to avail himself of his equitable assignment but to sue at law the debt might be treated as extinguished to enable him to maintain his action. Evidently, the court in that opinion entertained this view, for it neither overruled nor criticised Berthold v. Berthold nor Furnold v. Bank,

supra, both holding as we do here.   But whatever may be the correct construction of that case, the rule we follow has been so often recognized in subsequent cases in the supreme and appellate courts that the case in question cannot be considered as a controlling authority against it.

So with the other cases in this State to which our attention has been directed by respondent.   Most of them may readily be reconciled with the cases herein referred to.   Those which apparently lean to the position contended for by respondent are found not to present the issue here involved.   It is enough to say that the recent decisions of the Supreme Court sustain the rule laid down in Berthold v. Berthold, supra.   The decree of the circuit court will be reversed and the cause remanded.

All concur.