F. W. TERPENNING, Respondent, v. CHARLES C. NICHOLLS et al., Appellants.

St. Louis Court of Appeals. Argued and Submitted April 19, 1909. Opinion filed June 22, 1909.

1. NEW TRIAL: Discretion of Court: Weight of Evidence. A motion for a new trial is to a great degree addressed to the judicial discretion of the trial judge, and an appellate court is reluctant to interfere with the exercise of that discretion, especially when the case turns on the weight of the evidence.

2. FRAUD AND DECEIT: Case for Jury. In an action for fraud and deceit the court holds there is substantial evidence to warrant the submission of the case to the jury.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

AFFIRMED AND REMANDED.

*R. M. Nichols* and *W. B. Homer* for appellants.

(1) There is no evidence of fraud or deceit upon the part of the defendants. Wann v. Scullin, 210 Mo. 429; Webb v. Rockefeller, 195 Mo. 57; Bank v. Trust Co., 179 Mo. 648; Lovelace v. Suter, 93 Mo. App. 429;

Fusz v. Spaunhorst, 67 Mo. 264; Exter v. Sawyer, 146 Mo. 302.   (2) Plaintiff was informed by the circular before, and by the contract of subscription when he did subscribe that Nicholls did not have "an option for $200,000." Therefore he was not deceived.   Davis v. Insurance Co., 81 Mo. App. 264; Smith v. Dye, 80 Mo. 581; Estes v. Alexander, 90 Mo. 453; Leavitt v. Fletcher, 60 N. H. 182; Thompson v. Morris, 50 N. Car. 151; Strong v. Peters (Conn.), 2 Root 93; Martin v. Development Co., 41 Ore. 48, 69 Pac. 216.   (3) If the plaintiff ever had any cause of action it is barred by the Statute of Limitations.   R. S. 1899, sec. 4273; Bank v. Thayer, 184 Mo. 61; Callan v. Callan, 175 Mo. 346; Shelby Co. v. Bragg, 135 Mo. 291; Smith v. Settle, 128 Mo. App. 379; Newton v. Rehenack, 90 Mo. App. 659; Loomis v. Railroad, 165 Mo. 469; Reed v. Painter, 145 Mo. 341; Shortridge v. Harding, 34 Mo. App. 354; Landis v. Saxton, 105 Mo. 486; Hudson v. Cahoon, 193 Mo. 561.

*S. P. Bond* and *R. L. Shackelford* for respondent.

(1)   Where the motion for a new trial sets out that the verdict is against the weight of the evidence and the court grants a new trial without stating its grounds the appellate court will presume that the court awarded the new trial on that ground.   Willard v. Car Co., 130 Mo. 517; Bank v. Wood, 124 Mo. 72; Hemett v. Steel, 118 Mo. 463.   (2) Appellate courts have always held that they will not interfere with the discretion of trial courts in granting new trials, "unless the case was such that under no circumstances whatever could a verdict be set aside."   A trial court is justified in granting a new trial if it thinks injustice has been done, even in a case when it would not, under the circumstances, be justified in taking the case from the jury. Hoepper v. Hotel Co., 142 Mo. 378; Haven v. Railroad, 155 Mo. 216; Warner v. Railroad, 178 Mo. 125; Ottemeyer v. Prichett, 178 Mo. 160; Cohn v. Insurance Co.,

96 Mo. App. 315; Stetzler v. Railroad, 210 Mo. 704; Bank v. Armstrong, 92 Mo. 265; Lockwood v. Insurance Co., 47 Mo. 50; Lawson v. Miller, 130 Mo. 170; Fitzjohn v. Transit Co., 183 Mo. 74; R. S. 1899, sec. 800.

STATEMENT.—This action, originally instituted in the circuit court of the city of St. Louis, on December 21, 1901, was taken by change. of venue to St. Louis county, January 7, 1907, and there, on January 29, 1908, coming on for trial before the court and a jury, plaintiff having offered all his evidence in the cause, defendants moved the court to grant a peremptory instruction directing the jury to find a verdict for defendants, which instruction the court gave, whereupon plaintiff took a nonsuit with leave to move to set the same aside and to grant a new trial. In due time the motion to set the nonsuit aside and to grant a new trial came on and was sustained by the court, defendants duly excepting, and thereafter and in due time, praying an appeal, brought the case to this court.

The motion for new trial assigns six grounds: First, for error in excluding legal and competent evidence offered by plaintiff; second, in admitting illegal and incompetent evidence offered by defendants; third, because the court improperly sustained the demurrer to the evidence; fourth, "because the court at the conclusion of the plaintiff's testimony, against the weight of the evidence, improperly sustained the demurrer to the evidence;" fifth, because the action of the court in sustaining the demurrer to the evidence was against the law; and sixth, because the plaintiff was forced to an involuntary nonsuit, "notwithstanding the legal and competent evidence offered upon his part, which the court erroneously refused to admit to go to the jury and by reason of the error of the court, in sustaining a demurrer to the evidence at the conclusion of plaintiff's testimony." The allegations of the frau-

dulent representations, as set out in the petition, as summarized by appellants' counsel in their statement of the case, are:

"1. That defendants and their agents, falsely and fraudulently represented that in order to purchase the said real estate it was necessary to form a corporation with a capital stock of $75,000 for the purpose of purchasing the real estate at the cost of $200,000, $60,000 cash and $140,000 to be secured by deed of trust, and $15,000 of said $75,000 capital stock to remain in the treasury of said proposed corporation.

"2. That defendants and their agents falsely and fraudulently represented, at the time of the solicitation and procurement of the plaintiff's subscription, that the defendants, and their agents, had an option on said real estate, at the price of, to-wit, $850 per acre, amounting to $200,000, and that defendants desired plaintiff to join with defendants, and with such other persons as the defendants could then and there procure, to join with them, in subscribing and taking shares of said proposed corporation, for the purpose of purchasing said property under said option at said price from others than the defendants.

"3. The defendants and their agents represented and stated to plaintiff that the defendants themselves were ready and willing to take, had taken and subscribed, and were ready to pay for large quantities of the capital stock of the said proposed corporation."

The answer, after a general denial, contains a plea of nonjoinder of parties; the blending of several causes of action in one count; that the cause of action did not accrue within five years next before bringing the suit; a statement of facts tending to show that if the plaintiff had any cause of action, he was guilty of laches in bringing and maintaining his alleged cause of action; and that the cause of action was barred by the Statute of Limitations.

The reply, after a general denial of the new mat-

ter, sets up the allegation, "that at the time of the false and fraudulent representations and concealment set forth in his petition the defendants and their agents occupied a fiduciary relation towards the plaintiff, and it was their duty to protect the plaintiff from each and every false and fraudulent representation and concealment set forth in his petition," and it is averred,

"That by reason of the fiduciary and confidential relation occupied by the defendants and their agents at the time alleged in his petition, and in the organization of the Kingsland Realty Co., and by reason of the confidence and trust reposed in the defendants and their agents, and by reason of the control and possession of the said defendants and their agents of the books, papers, documents, moneys, assets and effects in the organization of the Kingsland Realty Co., during all of the times alleged in his petition, and by reason of the fraudulent representations and concealments of said transaction by the defendants, and their agents, said false and fraudulent representations and concealments whereby he was damaged, as alleged in his petition, nor neither of them, was known or discovered until the time or times alleged in the petition."

REYNOLDS, P. J. (after stating the facts).— It is the settled law of our State, as announced by the Supreme Court in many decisions, that "a motion for a new trial is to a great degree addressed to the judicial discretion of the trial judge, and an appellate court is reluctant to interfere with the exercise of that discretion." Our Supreme Court has said in several cases that this is particularly so when the case turns on the weight of evidence. [Stetzler v. Met. Street Ry. Co., 210 Mo. 704, l. c. 711; Warner v. St. L. & M. R. Ry. Co., 178 Mo. 125, l. c. 129.] In this latter case, it is said that "in cases of this character this court has always refused to interfere with the discretion of the trial court in granting one new trial to a

party litigant, unless the case was such that under no circumstances whatever could a verdict in favor of the plaintiff be allowed to stand," citing Hoepper v. Southern Hotel Co., 142 Mo. 378, l. c. 387; Haven v. Railroad, 155 Mo. 216, l. c. 229, and cases there cited. See also Millar v. Madison Car Company, 130 Mo. 517, l. c. 529, and cases there cited.

An action of the character of the one before the court is so peculiarly an action for determination by a jury, resting as it almost invariably does, on circumstances by which it is claimed fraud and deceit have been proven, more than on direct evidence, that a trial court will always feel very great reluctance in depriving itself of the benefit of the view of the jury on the facts in evidence. We have read all of the testimony in the case, as presented to us in the abstract, carefully compiled by the learned counsel for the appellants, and are forced to the conclusion that the testimony is of such a character that the plaintiff was entitled to take the opinion of the jury on the effect of the testimony submitted.

As the action of the trial judge in granting a new trial will have to be affirmed and that trial had, we think it would be unfair and prejudicial to both parties for us to undertake to set out the rulings of the court on the admission or exclusion of particular testimony, or to call attention to the parts of the evidence that we think entitled the plaintiff to an answer thereon by the jury. There is substantial evidence in the case, in our opinion, to warrant the court in submitting the question of fraud and deceit alleged to have been practiced on the plaintiff at the inception of the transaction. There is evidence in the case as to the time of the discovery of the alleged deceit and false statement charged, which, if true, removes the bar of the statute. The time of discovery is a fact, on which there is evidence—on which the plaintiff was entitled to take the opinion of the jury. This, as well as the

question of deceit, are material points in the case which the learned trial judge undoubtedly had in mind when he awarded a new trial. Looking at the evidence and, to repeat, considering the issues raised by the pleadings, plaintiff was entitled to have it passed upon by the jury, under proper instructions from the court.

The judgment of the circuit court in setting aside the nonsuit and in sustaining the motion for a new trial is affirmed, and the case is remanded with directions to that court to proceed with the cause in due course of law. All concur.

