# DIGGES & GARANFLO, Respondents, v. AMOS. R. PHILLIPS, Appellant.

**St. Louis Court of Appeals. Submitted on Briefs June 9, 1911. Opinion Filed June 30, 1911.**

1. **NEW TRIAL: Appellate Practice: Review.** An order granting a new trial without specifying the ground on which it is given will be sustained, if any ground in the motion justifies it.

2. ———: **Discretionary Grounds: Appellate Practice: Review.** A motion for a new trial on the grounds that the verdict is against the evidence, that it is against the weight of the evidence and that it is the result of bias and prejudice on the part of the jury is addressed to the discretion of the trial court, and its decision thereon will not be disturbed on appeal, except in a clear case of abuse.

3. ———: ———: ———. In a case where the evidence was conflicting and the court sustained a motion setting aside a verdict for defendant and granted a new trial to plaintiff, without specifying the grounds of its action, *held* that, under the facts of the case, the trial court was within its rights in setting aside the verdict as against the weight of the evidence, that being one of the grounds specified in the motion for a new trial.

4. **JUSTICES' COURTS: Pleading: Amendment in Circuit Court.** Where plaintiffs filed a statement in a justice's court, setting forth that defendant was indebted to them, under their partnership name, for two certain amounts for his share of constructing two ditches, it was proper, under sections 7585 and 7587, Revised Statutes 1909, to allow them to file an amended statement in the circuit court, on appeal, setting up plaintiffs' co-partnership, giving their full names, and pleading defendant's breach of a contract to pay a proportionate cost of constructing a ditch.

Appeal from New Madrid Circuit Court.—*Hon. Charles A. Killian,* Judge.

AFFIRMED AND REMANDED.

*Robert S. Rutledge* for appellant.

*Brown & Gallivan* for respondents.

REYNOLDS, P. J.—Plaintiffs commenced this action before a justice of the peace in New Madrid county, filing there a statement of account in which they charge defendant as indebted to them on two items, one for $57.80, the other for $43.95, on his share of the cost of constructing two ditches, plaintiffs suing in their partnership name of Digges & Garanflo. Defendant appeared at the return day of the writ and the cause was continued to a day named, but on that day defendant not appearing, judgment went against him by default for $100.75 and costs. In due time defendant appealed to the circuit court of New Madrid county, where on the cause being called for trial before a court and a jury and plaintiffs being about to proceed with the trial, defendant objected to any statement by plaintiffs as to what they expected to prove or not prove, for the reason that the petition on file did not state a cause of action; this was overruled; defendant excepted. At the beginning of the examination of the first witness for the plaintiffs, counsel for defendant again objected to the introduction of any testimony under the statement which had been filed before the justice, on the ground that the statement is insufficient in law; it contains no dates; no contract is set out between the parties; no partnership averred between plaintiffs. While the learned trial judge remarked that it was a defective statement, on application of counsel for plaintiffs, they were given leave to amend, whereupon they filed an amended statement, setting up plaintiffs' copartnership, giving their full names and stating that they were doing business under the firm name and style of Digges & Garanflo, and that plaintiffs and defendant and one Lewis agreed to construct a ditch on the line, to be paid for by plaintiffs, and defendant agreed to construct his proportionate part thereof in proportion to the ownership of the land along the line thereof; that plaintiffs paid one Thompson to construct the

ditch pursuant to the agreement, for the sum of $100.75 for this defendant, "an itemized statement of which is filed herewith and made a part hereof, marked 'Exhibit A.' "

Averring that defendant had failed, neglected and refused to pay the same, although requested to do so, they pray for judgment for that amount. This statement was attached to the exhibit theretofore filed with the justice. Defendant duly saved its exception to this amendment being allowed. The court thereupon told counsel for defendant that if he claimed surprise and was not ready to proceed, he was entitled to a continuance. Counsel declined this and the trial proceeded, counsel still saving exception to the amendment being allowed.

It is sufficient to say that the testimony as to the contract between the parties and the performance of the work under the contract alleged, was conflicting, plaintiffs and two or more witnesses testifying very positively to the arrangement and its performance by plaintiffs, defendant on his side denying it. The evidence was also conflicting as to whether the ditch or ditches which had been constructed, were constructed on the line agreed upon, defendant claiming that as to one of them, as to which he admitted he did have some agreement with plaintiffs, it had been agreed that it should be constructed on the line between them, and that in point of fact it was constructed entirely on his land. The jury, after having been instructed by the court, returned a verdict in favor of defendant. Plaintiffs in due time filed their motion for a new trial, assigning among other grounds, that the verdict is against the evidence; that it is against the weight of the evidence; that it is the result of bias and prejudice on the part of the jury against plaintiffs and in favor of defendant. This motion was sustained and a new trial granted, defendant duly excepting and also filing a motion that the court set aside its finding and

order sustaining the motion for a new trial. This was overruled, defendant excepting and he thereupon perfected appeal to this court.

In sustaining the motion for new trial, the circuit court, in its order, did not specify the grounds upon which the new trial was granted. Our Supreme Court has distinctly ruled, in the case of Metropolitan Lead & Zinc Mining Co. v. Webster, 193 Mo. 351, 92 S. W. 79, and in other cases cited at page 363 in the last named case, that the action of the circuit court, in granting a new trial, even when not specifying in the order the grounds upon which it is granted, will be sustained, if on any ground set forth in the motion, it ought to have been sustained. There are three grounds set out in this motion for a new trial that are so entirely within the discretion of the trial court that an appellate tribunal, except in a clear case of abuse of the discretion lodged in the circuit court, will not interfere. The first is, that the verdict of the jury is against the evidence; the second is, that it is against the weight of the evidence; the third that it is the result of bias and prejudice on the part of the jury against plaintiffs and in favor of defendant.

Reading all the testimony in this case, it is manifest that the effect to be given to it turned in a great measure upon the credibility of the witnesses. The trial court as well as the jury had these witnesses before him and we will not undertake to overturn the action of that court in setting aside the verdict, if, as it appears by his action on the motion, in his opinion, evidence of the wrong witness or wrong set of witnesses had been accepted by the jury; that is, that the jury gave credit to witnesses not entitled to credit, or found a verdict against the weight of probative testimony, or credible testimony.

This was a case in which the duty was on the trial judge fully as much as it was on the jury, to determine the weight of the evidence. As before re-

marked, the evidence was conflicting. The trial judge, passing on the motion, was entirely within his right in setting aside the verdict as against the weight of the evidence, if, in his opinion, that was the fact. We, as well as our Supreme Court, have said in many cases, that this is a ground of action with which the reviewing court will not interfere. This is the ground mainly relied on by counsel for respondents for sustaining the action of the trial court.

The question of the prejudice and bias of the jury was also one open to the observation and peculiarly for the determination of the trial court.

So that on any of these three grounds set out in the motion for new trial, we are unable to say that the learned trial court committed error.

It is very strenuously insisted that this case should be reversed and not remanded because of the absence of a sufficient statement of a cause of action when it was instituted before a justice of the peace. Our statute is very liberal in allowing amendments of accounts filed in the justice courts. Section 7587, Revised Statutes 1909, first appeared in our statutes in 1879, and covers almost every possible amendment, allowing it to be made upon such terms as to costs as the courts may deem just and proper, demanding that such amendments shall be allowed "when by such amendment substantial justice will be promoted." This amendment of 1879, which is now section 7587, Revised Statutes 1909, is construed on very full consideration in Dowdy v. Wamble, 110 Mo. 280, 19 S. W. 489, and in Warner v. Close, 120 Mo. App. 211, 96 S. W. 491. In the latter case, referring to Dowdy v. Wamble, the Kansas City Court of Appeals has said (l. c. 214): "Practically speaking, the statute allows almost any kind of amendment."

One of the amendments here made consisted in giving the full names of the parties composing the partnership in whose name the action was originally

commenced. Section 7585, Revised Statutes 1909, specifically provides that while the same cause of action that was tried before the justice shall be tried before the appellate court on the appeal, "that new parties plaintiff or defendant necessary to a complete determination of a cause of action may be made in the appellate court." In Gunther Brothers & Co. v. Aylor, 92 Mo. App. 161, construing what is now this section, and where it was contended that the amendment stating that the parties plaintiff were partners, such averment not being in the original statement filed, was a change of the cause of action and the substitution of a new party, that is a partnership for the original plaintiffs, the Kansas City Court of Appeals held the contention not well founded. Many authorities are there cited in support of the proposition that amendments of the statement of a cause of action filed before a justice of the peace are not only allowed under our statute, but that great liberality is indulged in in their allowance. The whole spirit of the statute looks not only to the furtherance of justice, but the avoidance of useless delays in its administration. In the case at bar defendant was not surprised to his hurt by the amendment, for when the court offered him a continuance if that was a fact, he declined the offer. He was there with his witnesses, and evidently knew just what he was to meet and in point of fact met the issue so successfully that the jury went with him. On no theory is it possible to say that defendant was harmed by the amendment.

We see no error of the learned trial court in sustaining the motion for a new trial, nor to its action in allowing the amendment. Its judgment is affirmed and the cause remanded for further proceedings. *Nortoni* and *Caulfield, JJ.,* concur.