## SECURITY STATE BANK, Appellant, v. T. J. PECK, Respondent.

### Springfield Court of Appeals, November 6, 1911.

1. WITNESSES: Calling Opposite Party: Bills and Notes. In an action on promissory notes defendant denied the execution of the notes by answer duly verified, and plaintiff called defendant as a witness and asked him if he signed the notes, and he answered that he did not. *Held*, that plaintiff, by calling defendant as a witness admitted he was worthy of belief and is in no position to say that the verdict of the jury in favor of the defendant is not supported by substantial evidence.

2. APPEAL AND ERROR: Objections to Evidence: Exceptions. Where the appellant makes no objection and saves no exceptions to the introduction of evidence, the question of its improper introduction can not be reviewed on appeal.

3. ————: Conflicting Evidence: Conclusiveness of Verdict. Where the evidence on a certain issue is conflicting, and the motion for a new trial has been denied by the trial court, the verdict is binding on the appellate court.

4. PRACTICE: Motion for New Trial: Newly Discovered Evidence: Diligence. It is necessary that the party asking for a new trial on the grounds of newly discovered evidence should show that he had used proper diligence to obtain such evidence.

5. ————: ————: ————: ————. In an action on promissory notes, the defendant in his answer under oath, denied the execution of the notes, and the verdict was for defendant. Plaintiff moved the court for a new trial on the grounds of newly discovered evidence, and set up that two witnesses, from one of whom plaintiff had purchased the notes, would testify that they were present and saw the defendant sign the notes. *Held*, that it is not enough for plaintiff to say that he did not have positive knowledge before the trial that these witnesses would so testify but if the circumstances were such that plaintiff should have known that the party from whom it had purchased the notes would be an important witness upon the question of their execution, then the exercise of proper diligence required that his testimony be procured, if obtainable, and as no reason was assigned why it could not be obtained, the motion for new trial was properly overruled.

Appeal from Crawford Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Gratia E. Woodside, G. C. Dalton* and *J. D. Gustin* for appellant.

(1)    The trial court erred in not granting plaintiff a new trial upon the ground of newly discovered evidence.    State v. Spiritus, 191 Mo. 24, 90 S. W. 464; Pelanourges v. Clark, 9 Iowa, 1; Goff v. Mulholland, 33 Mo. 203; Wilden v. Greenlee, 49 Ill. 253; Van Riper v. Mfg. Co., 33 N. J. L. (4 Vroom) 152; Marshall v. Ins. Co., 9 Fed. 134; Watts v. Howard, 48 Mass. 478; Raymond v. Ring, 112 N. Y. S. 1, 60 Misc. Rep. 235; Athens v. Peeler, 69 S. E. 45, 6 Ga. App. 379; 1 McQuillin, Mo. Practice, sec. 950.    (2)    Appellate courts will grant a new trial where the verdict is so opposed to the evidence and to the probabilities arising from all the circumstances that it can be accounted for only on the theory that the jury were prejudiced.    Friez v. Fallon, 24 Mo. App. 439; Empey v. Cable Co., 45 Mo. App. 454. (3)    When a verdict of a jury and the judgment of the court are for the wrong party the judgment should be set aside and a new trial granted.    Chouquette v. Railway, 152 Mo. 257, 53 S. W. 897; Hillard v. Johnson, 32 S. W. 914.    (4)    A new trial will be granted when the verdict is against the evidence.    Roman v. Trading Co., 87 Mo. App. 186; Fell v. Ins. Co., 76 Conn. 494; Rome v. Shorpshire, 37 S. E. 178, 112 Ga. 93; Manyz v. Zeigler, 49 Ill. 303; Rarick v. Ulmer, 42 N. E. 1099, 144 Ind. 25; Battin v. Marshalltown, 77 N. W. 493; Troublesome v. Estill, 4 Ky. 238; Curtiss v. Jackson, 13 Mass. 507; Harrington v. Mining Co., 69 Pac. 102, 27 Mont. 1.

*Wm. P. Elmer* and *J. J. Cope* for respondent.

(1) It is for the trial court and not the court of review to order a new trial on the ground the verdict is against the evidence. Smooth v. Kansas City, 194 Mo. 513; Morris v. Kansas City, 117 Mo. App. 298; Karnes v. Winn, 126 Mo. App. 712. (2) Diligence is a prime condition precedent to the granting of a new trial on the grounds of newly discovered evidence. DeVoy v. Transit Co., 192 Mo. 197; Connelly v. Pehle, 105 Mo. App. 407; Porter v. Stock Yards Co., 111 S. W. 1136; King v. Gilson, 206 Mo. 264. (3) The granting of a new trial rests in the sound discretion of the trial court. Nugent v. Packing Co. 208 Mo. 480. (4) A new trial should not be granted for newly discovered evidence which with reasonable diligence might have been discovered and produced at the trial. James v. Mutual Life Co., 184 Mo. 1; Miller v. Whitson, 40 Mo. 97; Liberty v. Burns, 114 Mo. 426; Kemof v. Zeppenfield, 2 Mo. App. 195. (5) An objection to the admission of evidence must be specific and state the grounds of the objection. Liggett v. Morgan, 98 Mo. 39; Fry v. Estes, 52 Mo. App. 1; Lbr. Co. v. Rogers, 145 Mo. 445; Ruth v. Transit Co., 88 Mo. App. 1; Howard v. Brown, 197 Mo. 36.

GRAY, J.—This action is based on two promissory notes which the plaintiff claims were executed by the defendant. By answer duly verified, defendant denied the execution of the same. The trial by jury resulted in a verdict in favor of the defendant, and plaintiff appealed from the judgment rendered thereon.

Counsel for appellant contend that the judgment should be reversed, for the following reasons:

First, because the court permitted the defendant to testify to facts and circumstances occurring previous to the time of the alleged signing of the notes.

Second, because the verdict is the result of passion and prejudice, and is not supported by any substantial evidence.

Third, because a new trial should have been granted on the ground of newly discovered evidence.

As to the first contention, it is only necessary to say that no objection was made or exception saved to the introduction of the evidence complained of.

As to the second contention, the record discloses that plaintiff offered five witnesses, who testified that in their judgment the notes were signed by the defendant. Some of the witnesses testified they were acquainted with defendant's signature, and testified from such knowledge, and the others after comparing the signature on the notes with the admitted signatures of the defendant.

The record contains testimony to the effect that on cross-examination some of the expert witnesses were shown papers, on which the name of defendant had been written by others, and they testified that in their judgment they were the genuine signatures of defendant.

The plaintiff called the defendant as a witness, and asked him if he signed the notes and he answered that he did not. By calling the defendant as its witness, the appellant admitted he was worthy of belief, and is in no position now to say that the verdict of the jury based upon his testimony is not supported by substantial evidence.

In his own behalf, defendant called two of his brothers and they testified that the signatures to the notes were not in his handwriting.

But appellant says, the contract the defendant signed called for his obligations in the exact amounts of the notes. The contract does not mention the execution of any notes. It was skillfully prepared, and reads as follows: "This Agreement Witnesseth, That for and in consideration of the sum of three

hundred dollars ($300.00), (a royalty on 300 'Simplex Farm Compendiums,') to be paid according to the obligations this day given by the party of the second part, said party of the first part does this day appoint the party of the second part its sole and exclusive agent, to sell the 'Simplex Farm Compendium' in the county of Washington, State of Mo., for the term of one year."

It will be noticed that the three hundred dollars consideration mentioned is followed by an explanation as to what is meant, and it is there disclosed that the three hundred dollars is the royalty of one dollar each on three hundred of the books mentioned in the contract.

In another part of the contract it is provided that the books shall be sold for $3.50, out of which the defendant shall retain $2.50 for his commission, and implies that the other one dollar for each volume is to be paid to the other contracting party. No one can examine the contract without coming to the conclusion that it was prepared with the very purpose of keeping from the victim until after it is signed, the fact that he would be asked to execute promissory notes. The evidence on this point being conflicting, and the motion for new trial having been denied by the trial court, the verdict is conclusive in this court.

This leads us to the contention that the motion for new trial should have been sustained on the ground of newly discovered evidence. In the motion and affidavit of plaintiff's cashier in support of the same, it is stated that A. W. Miller and J. L. Dangerfield were present at the time and place when the defendant executed the notes, and that the cashier believed said Miller and Dangerfield would testify to such facts; that the witnesses lived in Virginia, and the knowledge that they would so testify came to the plaintiff since the trial. And then the affidavit concludes with the following words: "That it was not owing to the neg-

ligence of the plaintiff why said evidence is not in possession at the former trial and yet it could not have procured said testimony by using due diligence."

The answer of the defendant denying under oath the execution of the notes, was filed on the 26th day of August, 1909. The cause was tried on the 10th day of November, 1910. It thus appears that plaintiff knew for fifteen months before the cause was tried that the defendant was denying the execution of the notes. It had purchased the notes from Miller, and therefore, must have known that it would be very important to prove by him when and how he acquired possession of them. It was not alleged in the motion for new trial or affidavit supporting the same, that the whereabouts of Miller and Dangerfield were unknown, and no reason is assigned why their depositions could not have been obtained. If plaintiff had taken the deposition of Miller and examined him as to the circumstances surrounding the execution of the notes, it would have been disclosed thereby that Dangerfield also was present, and his deposition could have been taken.

In Devoy v. St. Louis Transit Co., 192 Mo. 197, 91 S. W. 140, it is said: "It is an A B C proposition that diligence is a prime condition precedent to the granting of a new trial upon the ground of newly discovered testimony."

It seems to us that appellant failed to exercise any diligence to procure the testimony of the witnesses. It is not enough to say that appellant did not have positive knowledge that the witnesses would testify that they were present and saw the defendant sign the notes, but if the circumstances were such that appellant should have known that Miller would be an important witness upon this question, then the exercise of proper diligence required that his testimony be procured, if obtainable. The very fact that he had in his possession the note made payable to his

company, and sold and delivered it to appellant, was sufficient to suggest to the latter the importance of his testimony.

These considerations necessarily imply the conclusion that the judgment should be affirmed, and it is so ordered. All concur.