Z. J. PEEK, Appellant, v. A. H. STRATTON, Respondent.

Springfield Court of Appeals, February 5, 1912.

SALES: Public Sales: Approval of Note by Seller: Queston of Fact. In an action by replevin for possession of personal property which plaintiff claimed to have purchased from defendant at a public sale, the only issue submitted to the jury by the instructions was the question of whether or not defendant had approved the note given by plaintiff for the purchase price of the goods sold, and on this issue the jury found for defendant. *Held*, that the verdict was supported by substantial testimony and was binding upon the appellate court.

Appeal from Carter Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*E. P. Dorris* for appellant.

(1) Everything was done to make the contract binding, and defendant cannot arbitrarily or through unknown reasons to plaintiff refuse to abide by the sale or note, or later require other or further security. Brown v. Smith, 113 Mo. App. 66. (2) The parties had agreed upon the terms of the sale and contract when the property was set out and turned over to plaintiff and the sale was complied with and became effective. Hudson v. Rogers, 121 Mo. App. 168.

(3) Before the jury could arrive at a verdict for defendant they should have known and understood and have been required to find that plaintiff's note was not accepted and that it was not solvent or good for the amount it called for to defendant. Imboden v. Trust Co., 111 Mo. App. 242.

*G. H. Yount* for respondent.

COX, J.—Action by replevin commenced before justice of the peace for possession of some baled hay and a road scraper. Verdict for defendant in the justice court, plaintiff appealed and again lost in the circuit court and has appealed to this court.

On November 12, 1909, defendant had a public sale of certain personal property and at such sale plaintiff bid off some baled hay and a road scraper, amounting in all to $41.05. By the terms of the sale, ten months time was to be given on all sums over $5 by the purchaser giving note with approved security. Defendant asked for two securities on each note. Plaintiff signed a note with only one surety and left it with the clerk of the sale who afterward gave it to defendant but he refused to receive it in payment for the property and some twelve to fifteen days afterward sent it back to plaintiff. Plaintiff testified that defendant agreed to accept the note with the one surety before he executed it but this was denied by defendant. Plaintiff offered evidence tending to prove that both the plaintiff and the surety on the note which he signed were solvent at the time. Defendant testified that he did not know as to their solvency and that he wanted two securities on each note and was depending on the honor of the men.

The issues involved in this case were purely issues of fact. It is conceded that title to the property

did not pass to plaintiff when he bid it off at the sale and could not pass until he tendered a note which met the requirements of the terms of the sale. The defendant had reserved to himself the right to pass on the sufficiency of the surety on the notes and there is no testimony that he acted arbitrarily in rejecting the note signed by the plaintiff or that his requirement that two sureties should be furnished upon each note was unreasonable. The only issue submitted to the jury by the instructions was the question whether or not defendant had approved the note given by plaintiff and on this issue the jury found for defendant. This verdict was supported by substantial testimony and is binding upon us. Judgment affirmed. All concur.