J. H. VAN HOOSE, Respondent, v. SOUTHWESTERN MACHINERY COMPANY, A. E. BENDELARI and A. GALAMBA, Appellants.

Springfield Court of Appeals, March 3, 1913.

1. PROMISSORY NOTE: Payment of: By a Surety. When money is advanced for the settlement of a promissory note by a surety on the note, such sum is *held* to be a payment and a credit on the note and an extinguishment of the original debt and not a purchase thereof. The remedy of the surety is against his principal or cosurety on an implied promise to pay or for contribution, and not on the original note.

2. ———: Payment of: By a Stranger. Where a note is paid by a stranger thereto, it will in general be *held* to be a purchase of the note and not a payment of same.

3. PROMISSORY NOTE: Extension of Time: Release of Surety. Where there is an extension of time on a promissory note, or

any agreement is entered into by which the creditor binds himself not to enforce the payment of the note according to the original agreement, and this is not consented to by the surety, the surety is released from liability on the note.

4. **NEW TRIAL: Verdict Against Weight of Evidence: Duty of Trial Court.** The trial court should supervise the verdict of the jury and grant a new trial, if the verdict is against the weight of evidence, or is arbitrary or manifestly wrong.

5. ————: **Discretion of Trial Court: Appellate Court Loath to Interfere with Exercise of.** A motion for a new trial is to a great degree addressed to the sound discretion of the trial judge and an appellate court is loath to interfere with the exercise of that discretion, especially when the case turns on the weight of the evidence.

6. ————: **Appeal and Error: Conflicting Testimony.** Where there is a substantial conflict in the testimony in the trial court, the appellate court cannot enter a judgment different from the one rendered; nor will the appellate court interfere with the trial court's act in setting aside a verdict on the ground that the evidence did not sustain it.

7. **DISMISSAL AND NONSUIT: Effect of Voluntary Dismissal of Codefendants.** Two of the sureties on the note and two strangers thereto, who had paid the note and taken an assignment of same, brought suit, through an agent, against the principal and certain sureties on the note; the action was dismissed as to the two defendant sureties for whom the agent was acting. *Held*, that this dismissal did not release them from their original obligation and did not release defendants from their liability on the note.

Appeal from Jasper Circuit Court, Division Number Two.—*Hon. David E. Blair*, Judge.

AFFIRMED.    (*Cause remanded for trial.*)

*Frank L. Farlow* and *McIndoe & Thurman* for appellants.

1. The agreement between Van Hoose and the cosureties and the president and treasurer of the corporation was an alteration of the instrument of contract of the defendant cosureties and was such an alteration as released the defendants as they are not

shown to have consented thereto. It makes no difference whether the alteration of the agreement was material or immaterial. Banous v. Handley, 68 Mo. App. 623; Bank v. Bosseman, 52 Mo. App. 269; Midduh v. Elliott, 61 Mo. App. 601; Bank v. Dunn, 62 Mo. 79; Bank v. Armstrong, 62 Mo. 59. 2. A cosurety cannot sue a cosurety upon an instrument, and the cosurety cannot do through an agent or assignee that which he cannot do himself. The result cannot be changed by assignment to a third party. Hull v. Sherwood, 59 Mo. 172; Harper v. Rosenberger, 56 Mo. App. 388; Bank v. Kemble, 61 Mo. App. 215; Sherwood v. Coble, 24 Am. Dec. 264; Renell v. Hogan, 56 Am. Dec. 236; Brewing Co. v. Jordon, 110 Mo. App. 290; Burton v. Rutherford, 49 Mo. 255. 3. Where a surety pays the debt and an assignment is taken, the result is the same. It cannot be changed by having the assignment made to some third person. This rule is true not only as to notes, but as to judgment rendered thereon. Bank v. Kemble, 61 Mo. App. 215; Harper v. Rosenberger, 56 Mo. App. 388; Ferguson v. Carson, 86 Mo. 673; Renell v. Hogan, 56 Am. Dec. 236; Sherwood v. Coble, 24 Am. Dec. 264; Stales v. Gas Co., 131 S. W. 915. 4. Where a note is paid by the surety or joint maker, the assignment of the note does not have the effect to vitalize it in his hand. His right of action is not on the note but on the implied promise of the principal or surety to repay the money. Blake v. Downey, 51 Mo. 437; Halliburton v. Carter, 55 Mo. 435; Hearne v. Keath, 63 Mo. 84; Bauer v. Gray, 18 Mo. App. 164; Swope v. Leffingwell, 4 Mo. App. 525; Reeves v. Letts, 128 S. W. 246. 5. The act of Aylor and George Hardy in paying this note or depositing the money therefor was that of a volunteer and there can be no recovery. Crumlish v. Central Improvement Co., 38 W. Va. 390, 23 L. R. A. 120; Danforth v. Briggs, 89 N. W. 316; 36 Atl. 452. 6. The plaintiff dismissed as to two of the defendant sureties

who were jointly liable and judgment was rendered in their behalf. It has long been established as a doc-trine that if two or more persons be jointly or jointly and severally bound by one obligation and the credi-tor releases one of them, it releases all. Brown v. White, 29 N. J. L., 80 Am. Dec. 226; Portland v. Hiems, 6 Pa. 265.

*A. E. Spencer* and *R. M. Sheppard* for respondent.

1. A person who is not maker, indorser or surety upon a note, who makes a payment thereon, is a mere volunteer and has no remedy or recourse to recover from any maker, indorser or surety on said note any sum that he may have thus voluntarily paid; but where a stranger to a note purchases the same, if it is the intention of the parties to the transaction to make a purchase and transfer and assign the note to the stranger, then the stranger is not a volunteer, but be-comes a purchaser or assignee of the note and may recover from the maker, indorsers and sureties. Bank v. Freund, 80 Mo. App. 657; Keet v. Baker, 141 Mo. 175; Vansandt v. Hobbs, 84 Mo. App. 628; Marshall v. Meyers, 98 Mo. App. 643; Crumlish's Admr. v. Im-provement Co., 38 W. Va. 390, 23 L. R. A. 120; Kipp v. McChesney, 66 Ill. 460. 2. The question submitted to the jury in this case was whether or not it was the intention of Aylor and Hardy, acting through Van Hoose, who was their trustee and agent, to voluntarily pay and extinguish the obligation created by the note in question, or to purchase the note and keep the same alive and in full force and effect against the makers, indorsers and sureties. The evidence all shows that it was the intention of the parties to make a trans-fer of the note and not to pay it, and the trial court properly set aside the verdict and finding of the jury and granted a new trial. 3. Granting a new trial upon the ground that the verdict is against the greater weight and preponderance of the evidence is a mat-

ter within the sound discretion of the trial court, and
his orders in this regard should not be set aside and
revoked unless there is an abuse of this discretion.
Snickles v. City of St. Joseph, 139 Mo. App. 187;
Cornet v. Cabrilliac, 228 Mo. 212; Terpenning v.
Nichols, 140 Mo. App. 505; Johnson v. Grayson, 230
Mo. 380; Digges & Garanflo v. Phillips, 138 S. W.
910.

STATEMENT.—The plaintiff on May 13, 1910, filed
a petition in the circuit court of Jasper county against
the Southwestern Machinery Company, A. E. Bend
elari, A. Galamba, William Fahrman, and George.
Hardy, together with other defendants unnecessary to
be named in this opinion. The suit was instituted
for a balance due on a promissory note for $7500, with
interest. The note in question was signed by the
Southwestern Machinery Company, as principal, and
the defendants herein named as sureties, together with
a number of the other defendants who were sureties.
No answer was filed except by A. E. Bendelari and
A. Galamba, each of them. filing separate answers.
The case was tried before a jury and resulted in a
verdict and judgment in favor of the defendants Ben
delari and Galamba. However, the court sustained
a motion for a new trial and set aside the judgment
for the reason that it was against the weight of the
evidence, and the appeal is by said defendants from
that order.

The facts in the case are substantially as follows:
The Southwestern Machinery Company was indebted
to the Merchants & Miners Bank of Webb City, Mis-
souri, in the sum of $13,000, evidenced by three prom-
issory notes, two of them being for $2500 each, and
one for $8000, and it is with the latter that we have
to do in this case. On this note there was credited
a payment of $500. In addition to the name of the
Southwestern Machinery Company, there appears on

said note as sureties the names of the defendants here-in together with other stockholders of said machinery company. In October, 1907, when the bank was in-sisting on the payment of this note, four of the stock-holders of the machinery company, to-wit, George Hardy, William Fahrman, Ben Aylor, and Allen Hardy, Jr., the two first named being on the note to the bank as sureties, and two last named not being on said note, according to their testimony agreed to each advance a one-fourth part of the amount neces-sary to take up said note, and that this agreement was carried out on or about January 16, 1908; that the money which they advanced was deposited in the bank to the credit of J. H. Van Hoose, who was a partner in the real estate business with Ben Aylor and officed with him and from the testimony undoubtedly sus-tained very friendly relations with all four of the men who put up the money with which to take care of the $8000 note in the bank; and the note was as-signed by the bank to Van Hoose. He held the note from January 16, 1908, until the beginning of this suit, making no attempt to collect from the machinery company or from any of the sureties until probably a short time before suit was commenced, at which time he demanded payment of the two appealing de-fendants.

There is no doubt as to Van Hoose being the agent of these four men, and it is clear that he had no per-sonal interest in the note nor any personal interest in the outcome of this litigation.

The evidence also discloses that said machinery company had become involved to other creditors (the debts being designated in the record "commercial bills") in an amount to exceed $20,000; that in order to take care of this indebtedness for the machinery company, Aylor, with some of the stockholders, exe-cuted a note to the same bank for $10,000, and that Allen Hardy, Jr., together with some of the stock-

holders, executed a similar note to the same bank for the same amount, the reason for this course being that the bank could not loan that great an amount of money to the machinery company. The $20,000 was placed to the credit of the machinery company and paid out on these ''commercial bills.'' Then the officers of the machinery company, to-wit, Ben Aylor, Allen Hardy, Jr., George Hardy, and William Fahrman, began to reduce the property of the machinery company to cash, and such proceeds as were realized were applied on their indebtedness to the bank, which indebtedness, as stated, had been created for the purpose of settling the company's debts. They applied probably $6000 on each note in this way. They also allowed the bank to get judgments against the company on the two $2500 notes, and permitted to be sold at execution sale certain of the company's property, at which sale the two appealing defendants were present, as were Ben Aylor and Allen Hardy, Jr.

The trial was begun on March 21, 1911, and was in progress until the twenty-third, on which day the jury failed to agree. During that trial, and on the twenty-second day of March, plaintiff dismissed the cause as to defendants, William Fahrman and George Hardy. On June 20, 1911, it was agreed between plaintiff and the two appealing defendants herein that the case would be continued until the next term of court, and at the next term, which was in November, the case was again tried and resulted in a verdict for the defendants. As we have stated, the appeal is from the order granting plaintiff a new trial.

FARRINGTON, J.—The appellants contend (1) that there is no theory under the pleadings and the evidence on which a judgment could be rendered in favor of the plaintiff and against these defendants, and for that reason ask this court to direct the circuit court to enter a judgment in their favor, or render

judgment in their favor in this court; (2) that this action cannot be maintained because Van Hoose was the agent of or trustee for Ben Aylor, Allen Hardy, Jr., William Fahrman, and George Hardy; that Fahrman and George Hardy, each being sureties on the note, could not do indirectly through Van Hoose what they would not be permitted to do themselves, that is, to sue their principal and cosureties on the original obligation. The theory on which the trial court proceeded in this respect, as disclosed by the instructions was to say that when Fahrman and George Hardy each put up their one-fourth part of the $7500 note to the bank, or, in the name of Van Hoose, who paid it to the bank, as to them, what was paid by them amounting to one-half of the note was a payment to be credited on the note, and then allowed the plaintiff to proceed for the other one-half which had been put up by Aylor and Allen Hardy, Jr., who were not sureties. In other words, the trial court said that as to the one-half which was put up by the two sureties, it was a payment, but that as to the amount which was put up by Aylor and Allen Hardy, Jr., it was an assignment made by the bank to Van Hoose for their benefit, he becoming a trustee of an express trust for their benefit, and this we think is correct.

On the first contention, appellants argue that because Van Hoose, was the agent or trustee, or, to say the most, a friendly holder of said note, for Aylor, Allen Hardy, Jr., Fahrman and George Hardy, and held said note, making no attempt to collect the same until after these four men who had control of the machinery company had disposed of its assets and applied the proceeds to the payment of other debts of the company which they had become personally liable for, that that of itself was such an extension of this note as to relieve the sureties on the note; and many authorities are cited in appellant's brief which uphold the doctrine that if there is an extension or an

agreement entered into by which the creditor binds himself not to enforce the payment of the note according to the original agreement, the sureties are released.

From an examination of the testimony this court cannot say that Van Hoose, who was their agent, ever agreed or was bound by any agreement not to bring suit or enforce payment of this note; nor were the beneficiaries for whom he was trustee bound to refrain from bringing suit on this note. That there may be some testimony from which such an inference might be drawn we are not required to pass upon; but from all the testimony—and it is to that that we must look—we cannot say and find as a fact that there was such an agreement or anything done that would release the sureties. Where there is any substantial conflict in the testimony in the trial court, the appellate court cannot enter a judgment or direct the trial court to enter a judgment different from the one rendered. [Security State Bank v. Peck, 159 Mo. App. 171, 140 S. W. 762; Johnson v. Fiala, 161 Mo. App. 359, 143 S. W. 537; Peek v. Stratton, 161 Mo. App. 457, 143 S. W. 501; Kraemer v. Ward, 149 Mo. App. 432, 130 S. W. 66.] Besides, the note under consideration contains the following provision "The makers, indorsers, and sureties agree to all extensions and partial payments before or after maturity without prejudice to the holder, indorsers, and sureties waive presentment for payment demand, protest and notice of protest for non-payment of this note." The trial court granted plaintiff's motion for a new trial for the reason that the verdict was against the weight of the evidence. A motion for a new trial is to a great degree addressed to the sound judicial discretion of the trial judge, and an appellate court is reluctant to interfere with the exercise of that discretion, especially when the case turns on the weight of evidence. [Johnson v. Grayson, 230 Mo. 380, 393, 394, 130 S. W.

673; Terpenning v. Nicholls, 140 Mo. App. 505, 120
S. W. 688; Digges & Garanflo v. Phillips, 158 Mo. App.
583, 138 S. W. 910; Hawver v. Springfield Traction
Co., 154 Mo. App. 452, 134 S. W. 70; Hopkins v. City
of Springfield, 164 Mo. App. 682, 147 S. W. 1099.] The
trial court should supervise the verdict of the jury, and
grant a new trial if it is against the weight of the
evidence, or is arbitrary and manifestly wrong, or
appears to be the result of passion, prejudice, or mis-
conduct of the jury. [Gate City National Bank v.
Boyer, 161 Mo. App. 143, 142 S. W. 487.] The rul-
ing of this court must therefore be adverse to the
appellants on this phase of the case.

The second contention presents a rather unique
question. However, on a careful consideration of the
conditions that existed, we think the theory on which
the trial court proceeded was correct.

It will be remembered that there was no mort-
gage or other collateral security put up by the machin-
ery company to the bank as additional security to
the note, and cases cited in appellants' brief uphold
the doctrine that when a surety pays the note or his
part of the note, it is an extinguishment of the original
debt, and his remedy is against his principal or a co-
surety on an implied promise to pay, or for contribu-
tion, and not on the note itself; it is only when there
is something put up by the principal to which the
surety is entitled to be subrogated that equity will
not treat the transaction as a payment but as an as-
signment in order to keep the original obligation alive
for the benefit of the surety. [Harper v. Rosenber-
ger, 56 Mo. App. 388; Bank of Warren County v.
Kemble, 61 Mo. App. 215; Ferd Heim Brewing Co.
v. Jordan, 110 Mo. App. 286, 290, 291, 85 S. W. 927.]

Analyzing this case as to Fahrman and George
Hardy, we find them bringing suit through their agent,
Van Hoose, against the machinery company, their
cosureties, as well as themselves, on the original obli-

gation—a suit at law where there was no reason for subrogation or anything else so far as they are concerned to keep the original note alive; they are in no better or different position than had they had the note assigned, not to their agent, Van Hoose, but to themselves, and had brought the suit in their own names as parties plaintiff against the other defendants, as well as themselves.

When it developed in the course of the trial that two sureties had paid a part of this note, the court, under the authorities cited, must have held that as to them such sum advanced was a payment and not a purchase, and that they never became part owners of the note through Van Hoose as trustee of an express trust, and that their cause of action on the original obligation must fail. This is exactly what occurred, and was the effect of the dismissal as to them; and the direction in the instruction that such amount be treated as a payment and a credit on the note to that amount (which was one-half) was proper.

With these two parties out of the way, there yet remain Ben Aylor and Allen Hardy, Jr., who were strangers to the note, and who put up one-half of the amount due the bank.

Where a note is paid by a stranger, it will in general be held to be a purchase and not a payment; and whether it is one or the other is a question of fact, and in such transaction the intention of the parties governs. [Marquardt Savings Bank v. Freund, 80 Mo. App. 657; Crumlish's Admr. v. Central Imp. Co., 23 L. R. A. 120.] In the case of Vanstandt v. Hobbs, 84 Mo. App. 628, the following language was used (l. c. 631, 632): "When a stranger to a note takes it up from the holder the transaction will be deemed a purchase and not a payment, nothing more appearing. [See, also, Swope v. Leffingwell, 72 Mo. 348; Campbell v. Allen, 38 Mo. App. 27.] When a stranger pays the amount due on a note and takes an indorse-

ment and gets possession of the note, the presumption
is that the transaction was a purchase and not a
discharge or payment. [Marshall v. Meyers, 96 Mo.
App. 643, 647, 70 S. W. 927.]

As to Ben Aylor and Allen Hardy, Jr., there is
no testimony tending to show that they advanced their
one-half of the amount necessary to take up this
note to the bank with an intention of discharging it,
and in the absence of such testimony, under the rule
announced in the foregoing cases, it would be pre-
sumed a purchase by them. Moreover, as evidencing
the intention to purchase, we find that the minutes
of the bank authorize a "sale" of this note, and that
in pursuance of such authority, the following indorse-
ment was made on the note when the bank received
the money:

"Jan. 16, 1908, for value received the Merchants
& Miners Bank hereby sells, assigns, transfers and
sets over the within note to J. H. Van Hoose, but
without recourse on said bank and without impliedly
or expressly warranting any of the matters contained
in or which go to make up this instrument.

"MERCHANTS & MINERS BANK OF WEBB CITY,
"Per C. M. MANKER, Cashier."

We can see no error in the theory adopted by the
trial court in this connection in its holding as to Ben
Aylor and Allen Hardy, Jr., that the note was sold
subject to the credit of $500 paid long prior to the
purchase, as well as the two credits of $1939.30 each,
paid by Fahrman and George Hardy on the date of
their purchase.

In answer to appellants' fourth point it is suffi-
cient to say that the dismissal of the cause of action
as to Fahrman and George Hardy was no release as
to them on the original obligation, plaintiff having a
right to sue any one or more of the signers for the full
amount due on the note.

After a careful examination of the record we see no reason for interfering with the action of the trial court in setting aside its judgment and granting a new trial. As the case will be retried, we suggest that the circuit court make a final disposition of all the defendants, who did not answer or otherwise plead to the petition. It is ordered that the cause be remanded to the circuit court with directions to proceed in accordance with the views herein expressed. *Sturgis, J.,* concurs. *Robertson, J.,* not sitting.