MARSHAL PRIDEMORE, Appellant, v. LEON F. FIFE et al., Respondents.

Kansas City Court of Appeals, April 6, 1914.

1. **PLEADING: Joinder: Fraud: Warranty.** A sold a jack to B for breeding purposes. B became dissatisfied and brought an action against A, joining two counts in the petition, one for breach of implied warranty and the other for fraud and deceit. It was held that these two causes of action, one *ex contractu*, and the other *ex delicto*, could not be joined in one petition and the court should have compelled the plaintiff to elect.

2. **NEW TRIAL: Weight of Evidence.** If a trial court sustains a motion for new trial on the ground that the verdict was against the weight of the evidence such action will be approved if there is any substantial evidence against the verdict.

Appeal from Howard Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*A. W. Walker, R. M. Bagby* and *Frank Sheetz* for appellant.

*Samuel C. Major* and *J. H. Denney* for respondents.

ELLISON, P. J.—Plaintiff purchased a jack from defendants for breeding purposes for which he claims the Jack was unfitted and worthless. He brought this action by petition in two counts; the first on a warranty and the second on a charge of fraud and deceit. There was a general verdict for plaintiff in the trial court, without naming upon which count it was found. Afterwards, on defendant's motion, a new trial was granted, several reasons being assigned therefor by the court. Plaintiff appealed from that order.

Among other reasons as to the first count, the court stated that the verdict was against the weight of the evidence. When such reason is given the rule is that the action of the court will not be disturbed on appeal, if there is any substantial evidence in favor of the party obtaining the new trial, or, expressed differently, where there is any substantial evidence against the verdict. [Karnes v. Winn, 126 Mo. App. 712; Van Hoos v. Machinery Co., 169 Mo. App. 54; Cunningham v. Atterbury, 163 Mo. App. 594.] So, therefore, looking alone to the first count of the court's order cannot be disturbed.

At the close of the evidence defendant endeavored to have the court require plaintiff to elect on which count he would go to the jury. The court refused the request, and, as above stated a general verdict followed, and this the court assigned as an error and one of the causes for a new trial. One count was *ex contractu* on the warranty; while the other was *ex delicto*, on the fraud and deceit. They should not have been joined in same petition. [Jamison v. Copher, 35 Mo. 483; Scott v. Taylor, 231 Mo. 654.] Plaintiff seeks to discredit the authority of these cases by the statement that the first was dictum and the last was merely the view of one judge, the other members of the court refusing to concur. If the first case was *dictum*, it is supported by the last; and we do not find the last to be questioned by any member of the court. There was a separate opinion in the case, but save in a respect not involved here, the latter opinion expressly approved the first. It follows also that a general verdict could not be had in such state of the pleading. [Sain v. Rooney, 125 Mo. App. 176, 184.]

The foregoing results in an affirmance of the court's order, regardless of the lengthy discussion of other matters connected with the trial. Another trial, which will be on one count to the exclusion of the other, the case will not take so wide a range, many less in-

structions will be necessary, and many of the suggestions by either party will not arise. In view of this we have refrained from discussing many points made, since we cannot know which count may be selected for trial, nor in what way the evidence may vary.

The judgment is affirmed. All concur.